■ TAMI J. ELSTON, Appellant, v ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK, Respondent. [712 NYS2d 185] —Peters, J. Appeal from an order of the Supreme Court (Kane, J.), entered April 7, 1999 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant issued two term life insurance policies, effective January 29, 1996, one for Floyd Elston, plaintiff's husband, naming plaintiff as the primary beneficiary and the other for plaintiff for the benefit of her husband. At the time of application, the Elstons made their initial payment by personal check and selected "the alternate payment plan" whereby the premiums would be paid by monthly automatic withdrawal of funds from their checking account at Ellenville National Bank. The bank authorization signed by the Elstons indicated, *inter alia*, that by choosing this option, defendant would be relieved from sending premium notices and would have the right to terminate the use of this payment method if a debit entry was refused by Ellenville National Bank—the designated financial institution.

Payments were automatically withdrawn from the Elstons' checking account from March to May 1996 without incident. By letter dated June 18, 1996, they were notified by defendant that the June premium withdrawal was refused due to insufficient funds but that a double premium payment would be attempted in July 1996. This attempt was honored and a double premium payment was received. However, the August attempt for premium withdrawal was again refused for insufficient funds. Although the Elstons were duly notified that a double premium payment would be sought in September, that withdrawal attempt was refused for lack of funds.

By notice dated September 17, 1996, defendant contends that it sent the Elstons a notice of premium past due containing the following language on its reverse side: "Your premium should be paid by its due date. If the premium is not paid within the grace period of 31 days after its due date, the policy will terminate unless continued by a paid-up benefit option." Defendant also contends that it mailed another letter, under separate cover, indicating that the automatic withdrawal option would no longer be permitted, now requiring that quarterly payments be made directly to defendant. Defendant never received any payment for either the overdue or future premiums.

Floyd Elston unexpectedly died in a house fire on November 25, 1996. When plaintiff made a claim for benefits under the

policy, defendant informed her that the policy had lapsed due to nonpayment since July 8, 1996. Plaintiff commenced this action to recover the proceeds of the policy. After issue was joined defendant moved for summary judgment, prompting plaintiff's contention that despite nonpayment she was entitled to the proceeds since defendant failed to comply with the notice provisions of Insurance Law § 3211. Notwithstanding her denial of ever having received correspondence and notices after the second refusal to honor the monthly automatic withdrawals, she contended that the ambiguity created by such letters must be found to inure to her benefit. Supreme Court granted defendant's motion for dismissal, prompting this appeal.

Insurance Law § 3211 (a) (1) requires an insurer to issue a written notice of cancellation prior to terminating a policy for a default in the payment of a premium. However, Insurance Law § 3211 (f) (2) details that written notice will not be required for "[a]ny policy of insurance requiring the payment of premiums monthly or at shorter intervals" so long as, in the case of life insurance, the insurer mails written notice within six months of termination stating the type and amount of any automatic nonforfeiture benefit in force. While plaintiff contends that the exception set forth in Insurance Law § 3211 (f) (2) is inapplicable since the policy at issue did not require payment of premiums at monthly intervals, thus taking it outside of the statutory language, we find the argument contrary to established law. Once the monthly automatic payment option for premiums was chosen the language of Insurance Law § 3211 was triggered, thus obviating the requirement that defendant provide written notification of cancellation prior to its termination of the policy (*see, Brecher v Mutual Life Ins. Co.*, 120 AD2d 423, 427; *see also, Fauer v Aetna Life Ins. Co.*, 70 F2d 693, 695; *Guardian Life Ins. Co. v Goduti-Moore*, 36 F Supp 2d 657, 664). Notably, the bank authorization signed by the Elstons advised that by choosing this option, defendant would not be sending premium notices.

In response to this showing of entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562), plaintiff's proffer was insufficient. Plaintiff sought to establish that an ambiguity was created by the conflicting correspondence sent by defendant. Significantly, plaintiff not only denied ever having received these letters, but also failed to present any evidence indicating that the overdue premiums were paid during the 31-day grace period. With plaintiff having failed to raise a viable issue of fact, we decline to disturb the order entered.

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.