■ LAURIE RECZEK, Appellant, v NATIONAL BENEFIT LIFE INSURANCE COMPANY, Respondent. [798 NYS2d 816]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered February 20, 2004. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment in a breach of contract action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this breach of contract action, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment. As the court properly determined, the life insurance policy insuring plaintiff's husband (decedent) terminated 31 days after the premium due February 7, 2001 remained unpaid. Defendant thus established its entitlement to judgment as a matter of law by establishing the termination of the insurance policy based on the failure to pay the premium. Contrary to the contention of plaintiff, she failed to raise a triable issue of fact whether the termination of the policy was invalid. We reject plaintiff's contentions that, in this case, Insurance Law § 3211 (a) (1) required written notice that a premium was due and that the termination of the policy was invalid because written notice was not provided. Insurance Law § 3211 (f) (2) expressly provides that section 3211 does not apply to policies of insurance requiring the payment of monthly

premiums. It is undisputed that decedent had elected to pay the premiums on a monthly basis. Having made that election, decedent thereafter was required to make monthly payments and the notice requirement of section 3211 (a) (1) was rendered inapplicable (*see* § 3211 [f] [2]; *Elston v Allstate Life Ins. Co. of N.Y.*, 274 AD2d 938, 939 [2000]; *Brecher v Mutual Life Ins. Co. of N.Y.*, 120 AD2d 423, 427 [1986]). Because no notice was required, the notice that was allegedly sent by defendant during the grace period was a "gratuitous, 'friendly reminder[ ]' " that did not retroactively convert the policy to one requiring notice under section 3211 (a) (1) (*Brecher*, 120 AD2d at 426). Nor did the notice allegedly sent during the grace period change the amount of the premium due, in breach of the terms of the insurance policy. It merely afforded the insured the option to pay the premium on a monthly, quarterly, semiannual or annual basis. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.