■ Joan Gerold, Respondent, v Companion Life Insurance Company, Appellant. [819 NYS2d 276]—

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to recover the proceeds of a life insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated February 22, 2005, as denied that branch of its motion which was for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was for summary judgment dismissing the complaint is granted, the cross motion for summary judgment on the first cause of action is denied, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not entitled to recover on the subject life insurance policy.

On August 24, 2001 the defendant issued a term life insurance policy with a face value of $1,000,000 to the plaintiff's husband, Kenneth S. Gerold. The policy defined "premium due date" as "the date of issue and each month thereafter" and stated "[i]f any premium is not paid by the end of the grace period, [the] policy will terminate as of the due date." Mr. Gerold paid the initial two premiums (i.e., August 24, 2001 and September 24, 2001) at the time of the application and simultaneously executed an authorization permitting the defendant to automatically withdraw the prospective premiums from his bank account on the 15th day of each month pursuant to its "Bank Service Plan" (hereinafter BSP). The defendant inadvertently began the automatic withdrawals on November 15, 2001 instead of October 15, 2001. Since, however, the premiums were received before the expiration of the policy's 31-day grace period (see Insurance Law § 3203 [a] [1]), the policy did not lapse. On August 21, 2002 ownership of the policy was transferred to the plaintiff.

Approximately one year later on November 15, 2003 and November 19, 2003, the defendant's repeated requests to withdraw the October 24, 2003 premium were rejected due to insufficient funds. The defendant therefore contends that the policy terminated due to nonpayment of premiums, following expiration of the grace period on November 24, 2003 or before the insured's December 9, 2003 death.

The plaintiff, as the policy's owner and sole beneficiary, thereafter commenced this declaratory judgment and breach of contract action seeking to recover the death benefit less the unpaid premium (see Insurance Law § 3203 [a] [2]). Following joinder of issue, the defendant moved for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the first cause of action. The plaintiff contends, in effect, that the defendant's commencement of the automatic withdrawals on November 15, 2001, altered the premium due date from the 24th to the 15th day of each month, and therefore, the grace period did not expire at the time of the insured's death. The Supreme Court denied the defendant's motion, granted the plaintiff's cross motion, and declared that Mr. Gerold died during the grace period, thereby entitling the plaintiff to payment of the death benefit.

Contrary to the plaintiff's contention, the defendant's inadvertent delay in implementing the BSP, which related solely to the manner of payment, did not modify the premium due date (see Guardian Life Ins. Co. of Am. v Goduti-Moore, 36 F Supp 2d 657, 663-664 [1999], revd on other grounds 229 F3d 212 [2000]). Pursuant to the policy's terms, "[a]ny change of [the] policy require[d] the written consent of an executive officer" (see Insurance Law 3204 [a] [3]). Moreover, the defendant was not estopped from asserting the policy's lapse by its unilateral mistake and withdrawal of earlier premium payments during the grace period (see McGarr v Guardian Life Ins. Co. of Am., 19 AD3d 254, 256 [2005]; Brecher v Mutual Life Ins. Co. of N.Y., 120 AD2d 423 [1986]; Guardian Life Ins. Co. of Am. v Goduti-Moore, supra at 663-664; 5 Couch on Insurance § 78.27 [3d ed]). Neither the insured nor the plaintiff detrimentally relied upon this practice since they were unaware of the defendant's error until the default, the defendant did not accept a premium payment after the grace period expired, and the policy explicitly stated that "[i]f any premium is not paid by the end of the grace period, [the] policy will terminate as of the due date."

Finally, the defendant was not required to notify the plaintiff that the policy lapsed because the insured elected to pay the premiums on a monthly basis (see Insurance Law § 3211 [f] [2]; Reczek v National Benefit Life Ins. Co., 20 AD3d 887 [2005], lv denied 6 NY3d 704 [2006]; McGarr v Guardian Life Ins. Co. of Am., supra at 256; Elston v Allstate Life Ins. Co. of N.Y., 274 AD2d 938 [2000]). Accordingly, the policy terminated due to nonpayment of premiums on November 24, 2003, or before the insured's December 9, 2003, death.

The plaintiff's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not entitled to recover on the subject life insurance policy (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Adams, Luciano and Rivera, JJ., concur.