Eva Salzman et al., as Administrators of the Estate of Morris Salzman, Deceased, Appellants, *v.* Prudential Insurance Company of America, Respondent.

Argued February 19, 1947; decided April 17, 1947.

*John A. Millener* and *Charles P. Maloney* for appellants. I. Plaintiff established a prima facie case. (*Imbrey* v. *Prudential Ins. Co.*, 286 N. Y. 434.) II. Plaintiff established that the premium was paid in time. (*Primeau* v. *National Life Assn.*, 77 Hun 418, 144 N. Y. 716; *McCluskey* v. *National Life*

*Assn. of Hartford,* 77 Hun 556, 149 N. Y. 616; *Mitchell* v. *Vermont Copper Mining Co.,* 67 N. Y. 280; *Germania Life Ins. Co.* v. *Potter,* 124 App. Div. 814; *Hirsch* v. *New York Life Ins. Co.,* 267 App. Div. 404; *Baxter* v. *Brooklyn Life Ins. Co.,* 119 N. Y. 450.) III. Plaintiff's rights under the policy ripened prior to the due date of the premium. (*Herschman* v. *John Hancock Mutual Life Ins. Co.,* 158 Misc. 263, 248 App. Div. 774; *Shapiro* v. *Metropolitan Life Ins. Co.,* 151 Misc. 707; *Boyett* v. *United States,* 86 F. 2d 66.) IV. Plaintiff was not foreclosed by signing the application for reinstatement. (*Hirsch* v. *New York Life Ins. Co.,* 267 App. Div. 404.)

*Dallas C. Newton* for respondent. I. Plaintiff was bound to prove his case in accordance with the allegations of his complaint. (*Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220; *Way* v. *Prudential Ins. Co.,* 252 App. Div. 424; *Todd* v. *Union Casualty & Surety Co.,* 70 App. Div. 52; *Williams* v. *Fire Assn. of Philadelphia,* 119 App. Div. 573; *Black Co.* v. *London Guarantee & Accident Co.,* 190 App. Div. 218, 232 N. Y. 535; *Kasarsky* v. *New York Life Ins. Co.,* 145 Misc. 732.) II. Payment of the premium due March 2, 1942, was not waived in any way, and the policy lapsed. (*Todd* v. *Union Casualty & Surety Co.,* 70 App. Div. 52; *Epstein* v. *Mutual Life Ins. Co. of N. Y.,* 143 Misc. 587; *Kasarsky* v. *New York Life Ins. Co.,* 145 Misc. 732.) III. There was no waiver by the claimed declaration of forfeiture occurring August 12, 1942. IV. There was no waiver by virtue of the fact that the inception of plaintiff's disability occurred while the policy was in full force, viz., prior to the time the premium was due. (*Levitt* v. *Prudential Ins. Co.,* 150 Misc. 754; *Ginell* v. *Prudential Ins. Co.,* 237 N. Y. 554; *Bergholm* v. *Peoria Life Ins. Co.,* 284 U. S. 489; *New York Life Ins. Co.* v. *Chanson,* 154 Misc. 643; *Mutchnick* v. *John Hancock Mutual Life Ins. Co.,* 157 Misc. 598; *Michelson* v. *Equitable Life Assurance Society,* 161 Misc. 697.) V. Sending in a check, postdated April 3, 1942, was not payment of the premium which became due March 2, 1942. (*Brady* v. *John Hancock Mutual Life Ins. Co.,* 53 F. Supp. 173, 139 F. 2d 697; *People* v. *Mazeloff,* 229 App. Div. 451; *Hand* v. *Equitable Life Assurance Soc.,* 251 App. Div. 321; *Marek* v. *Mutual Life Ins. Co.,* 244 App. Div. 346, 268 N. Y. 724; *Struhl* v. *Travelers Ins. Co.,*

255 App. Div. 527, 281 N. Y. 584.) VI. Plaintiff entered into an agreement by which he agreed that the policy had lapsed and was not in force. (*Struhl* v. *Travelers Ins. Co.*, 255 App. Div. 527, 281 N. Y. 584; *Patent* v. *Travelers Ins. Co.*, 163 Misc. 520; *Axelroad* v. *Metropolitan Life Ins. Co.*, 267 N. Y. 437; *Levitt* v. *Prudential Ins. Co.*, 150 Misc. 754.) VII. Due proof of disability was never furnished to or received by defendant, and thus no liability exists for the payment of disability benefits. (*Ginell* v. *Prudential Ins. Co.*, 205 App. Div. 494; *Silverstein* v. *Prudential Ins. Co.*, 246 App. Div. 359; *Finnessey* v. *John Hancock Mutual Life Ins. Co.*, 259 App. Div. 360; *Rogers* v. *Metropolitan Life Ins. Co.*, 167 Misc. 129; *Kaplan* v. *New York Life Ins. Co.*, 159 Misc. 763; *Perlman* v. *New York Life Ins. Co.*, 234 App. Div. 359; *Mutchnick* v. *John Hancock Mutual Life Ins. Co.*, 157 Misc. 598.)

CONWAY, J. The question presented involves the right of an insured to payments for total and permanent disability. In order to reach that question other problems must first be considered. The insured, who died after the action was tried, obtained from defendant in 1926 a policy of insurance upon his life in which were included provisions for payments in the event of disability and for waiver of payment of premium during continuance of such disability. The insured paid the annual premiums required including the one which became due on March 2, 1941. When the next annual premium became due, he failed to pay it and permitted the grace period to expire. On the last day of grace, April 2, 1942, his son mailed a check which was dated April 3, 1942. That was one day too late (*Struhl* v. *Travelers Ins. Co.*, 281 N. Y. 584). An automatic extended insurance clause (with no provision for disability) continued the life insurance far beyond the date of the death of the insured which occurred on January 4, 1945, and we are thus not concerned with payment of the face amount of the policy.

Whether or not the policy had lapsed or been declared forfeited by reason of the failure to pay the March, 1942, annual premium within the grace period was important in determining whether the insured was entitled to claim disability payments thereafter under the applicable policy provisions. Unless a

proper notice had been sent to the insured in compliance with section 92 of the Insurance Law (now §§ 151, 208), the policy of insurance would not lapse and could not be declared forfeited within one year from the failure to pay the premium. As the policy was written in 1926, section 92 of the Insurance Law, as it then read, was deemed to have been a part of the insurance contract as though written into it. (*Adam* v. *Manhattan Life Ins. Co.*, 204 N. Y. 357, 360.) If the notice under section 92 had been given, that would be the end of this litigation. If the notice were not given, the insured could have paid the premium within the year and saved his policy. The insured testified that he had not received such notice. The defendant, although it had pleaded the giving of the notice, made no proof of that fact but rested at the end of the plaintiff's case. It was a matter for pleading and proof by the defendant (*Baxter* v. *Brooklyn Life Ins. Co.*, 119 N. Y. 450, 456; *Fischer* v. *Metropolitan Life Ins. Co.*, 167 N. Y. 178, 183; *Imbrey* v. *Prudential Insurance Co.*, 286 N. Y. 434) and we must assume, therefore, that the notice was not given.

In that state of the record we consider now the occurrences subsequent to April 2, 1942. An agent of the defendant orally advised the insured that the policy had lapsed, and on April 8, 1942, obtained the signature of the insured on a form designated " Application for Reinstatement of an Ordinary Policy." Thereafter the defendant deposited and received payment of the check dated April 3d. Upon examination by the doctor selected by the defendant, reinstatement was refused and still later the sum collected on the April 3d check was tendered back. All this is undisputed and we turn to a sentence in the application for reinstatement upon which defendant relies to establish that the policy had lapsed. That sentence is: " I hereby apply for the reinstatement of the above numbered policy, which was lapsed for non-payment of the premium due 3-2-42 and make the representations contained in my answers to the following questions ".

Defendant contends that the insured by signing, was concluded as to the lapsing of the policy by expressly admitting it. Defendant phrases it thus: " Plaintiff, by Exhibit 4, agreed that the policy ' was lapsed for non-payment of the premium due 3/2/42 ', and that the ' policy shall not be in force ' until the premium in arrears is paid and the application for reinstatement is

approved." Such is not the law. Putting aside the questions whether there was here a " voluntary giving up of a known right " and thus a waiver (*Lord Constr. Co.* v. *Edison Portland Cement Co.*, 234 N. Y. 411, 415; *Alsens American Portland Cement Works* v. *Degnon Contr. Co.*, 222 N. Y. 34, 37) and whether in fact the words merely purported to recite what the company asserted it had done, the general rule is that a statute such as the Insurance Law, section 92, is grounded on public policy formulated by the Legislature and that such statutory conditions precedent to lapse or declaration of forfeiture may not be waived by a policyholder. The rule is well expressed in *Griffith* v. *New York Life Ins. Co.* (101 Cal. 627) as follows: " The statute in question (§ 92, N. Y. Ins. Law) is regarded as indicative of the legislative will that, as a matter of public policy, life insurance companies should be deprived of the power to declare policies forfeited for non-payment of premiums, except in the prescribed mode, and that, being deprived of the power so to do, a waiver on the part of the insured cannot be construed to confer such power in the face of the law which has taken it away." (See to the same effect 3 Couch, Cyclopedia of Insurance Law, § 670.)

*Struhl* v. *Travelers Ins. Co.* (281 N. Y. 584) relied upon by the majority in the Appellate Division, is not to the contrary. That case was tried on the theory that the notice required by the statute had been given by defendant and received by the insured. No argument concerning section 92 was presented in the Appellate Division, and no finding was requested as to the giving of notice thereunder either at Special Term or, upon reversal, in the Appellate Division. No question involving the section was therefore properly presented or passed upon by us in the *Struhl* case. No question as to compliance with section 92 was presented to this court in *Teeter* v. *United Life Ins. Assn.* (159 N. Y. 411) or in *Perry* v. *Bankers' Life Ins. Co.* (47 App. Div. 567, affd. 167 N. Y. 607) since the defendant companies in those cases were life insurance corporations under article 6 of the Insurance Law (now art. IX-B) upon the co-operative or assessment plan and thus not affected by the provisions of section 92 (now §§ 151, 208).

Since, then, the policy had not in fact lapsed or been forfeited, the first two causes of action should not have been dismissed. They were to declare (1) that the policy remained in full force

and effect and (2) that defendant's attempt to lapse or forfeit the policy was wrongful and unlawful. We come then to the third cause of action which is to recover disability payments. We think Equity Term was correct in dismissing that third cause of action. No proof of total and permanent disability was given to the defendant prior to the entry of judgment at Equity Term on August 11, 1944, and we are of course not concerned here with any claim for disability payments thereafter up to the time of insured's death. Under the provisions of the policy " receipt of due proof of such disability " was a condition precedent to recovery. The insured introduced the testimony, over objection, of a doctor who had examined him on December 23, 1941, and found him to be suffering from pulmonary tuberculosis and trachea vascular disease with hypertension. That doctor testified that the insured was totally and permanently disabled then and at the time of trial. Since the motion to dismiss was granted at the close of plaintiff's case, we shall assume that the insured was totally and permanently disabled from December 23, 1941, until the entry of judgment herein. When the insured was examined on May 1, 1942, when he applied for reinstatement, the doctor reported to the defendant that the insured's " general appearance is not that of first-class health " and that insured was a " poor risk ". The report did not show that insured was suffering from any disease at that time. While no proof of disability was given to defendant, the administrators of the insured argue that the examination of May 1, 1942, *should have* disclosed his total and permanent disability and that the defendant is bound by the failure of its doctor to discover it even though no claim of disability was then asserted. We do not think that that was the " due proof " of disability intended or required by the policy provisions. We are not now concerned with whether proof of disability was given subsequent to the judgment entered herein and prior to the death of insured.

The judgments should be modified by reversing so much thereof as dismissed the first and second causes of action and granting a new trial thereof, and as so modified affirmed, with costs to appellant to abide the event.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur.

**Judgment accordingly.**