■ SUNRISE FEDERAL SAVINGS BANK, Formerly Known as SUNRISE FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v VEREX ASSURANCE, INC., Appellant. [612 NYS2d 226] —In an action to recover the proceeds of a mortgage insurance policy the defendant, Verex Assurance, Inc., appeals from so much of an order of the Supreme Court, Nassau County

(Robbins, J.), dated July 30, 1992, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion for summary judgment is granted, and the complaint is dismissed.

This is an action by the plaintiff to recover $35,876.12 under a policy of private mortgage insurance issued by Verex Assurance, Inc. (hereinafter Verex), and evidenced by a Certificate of Insurance and Master Policy. The Certificate of Insurance was expressly made subject to the terms and conditions of the Master Policy. When the mortgagor defaulted on her loan payments, the plaintiff foreclosed on the mortgage and submitted a claim to Verex under the mortgage insurance policy. Verex claimed that the application for mortgage insurance submitted by the plaintiff contained documentation in which the mortgagor made material misrepresentations of fact giving rise to fraud. Thus, Verex rescinded the contract based on, *inter alia,* the mortgagor's fraudulent misrepresentations. The plaintiff commenced this action against Verex and moved for summary judgment. Verex cross-moved for summary judgment based on the unrefuted documentary evidence of the borrower's misrepresentations and the deposition of the borrower's husband. The Supreme Court denied both the motion and cross motion.

Here, it cannot be disputed that the mortgagor's misrepresentations were material in that they were basic credit considerations, and had a direct relationship to her ability to repay the loan. Accordingly, the uncontroverted proof establishes Verex's complete defense of fraud based on the material misrepresentations of the mortgagor, as a matter of law *(see, Process Plants Corp. v Beneficial Natl. Life Ins. Co.,* 53 AD2d 214, *affd* 42 NY2d 928).

We have considered the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.