OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
On or about July 3, 1998, plaintiff Kim Rizzo was involved in an automobile accident, resulting in property damage to her 1997 Honda Civic EX. Rizzo reported the accident to defendant, her insurance carrier, and brought her car for repairs at Greg and Bill’s Auto Collision (hereinafter Greg & Bill’s) which she appointed as her designated representative to negotiate the loss. Defendant’s claims adjuster, Coronet Claims Corp., inspected the car and submitted an estimate in the amount of $1,905.08, after subtracting the deductible, which was subsequently increased to $1,981.35, based on a labor rate of $28 per hour. The parties were unable to reach an agreed price. Defendant ultimately sent plaintiff Kim Rizzo two checks for a total sum of $2,270.60. Said plaintiff had her car repaired by Greg & Bill’s at a cost of $5,627.89, which was based on a $50 labor rate per hour. The instant suit was thereafter commenced to recover the sum of $2,857.29, representing the difference between the amount paid for repairs and the amount received from defendant, less the $500 deductible. The court awarded plaintiffs the sum of $2,857.29, based on its determination that the “repairs made to the vehicle were necessary and cost thereof was reasonable.” The court further stated that the fact that defendant’s claims adjuster prepared an estimate at a lower labor rate and defendant’s witnesses testified that they charged a lower labor rate than Greg & Bill’s did not preclude plaintiffs’ recovery of what the court held to be the fair market value.
On appeal, defendant challenges the trial court’s decision on the ground that it renders 11 NYCRR 216.7 (b) (14) and 216.12 (New York State Department of Insurance Regulations) meaningless and ineffective. Defendant contends that the only reasonable interpretation of the regulations is that upon acceptance of the insurance proceeds checks by plaintiff Kim Rizzo, her options were to either use the repair shop recommended by defendant or use her own repair shop and pay the difference between the defendant’s estimate and the cost of repairs at said shop. We disagree.
*182 Insurance Law § 2610 (a) provides that “[wjhenever a motor vehicle collision or comprehensive loss shall have been suffered by an insured, no insurer providing collision or comprehensive coverage therefor shall require that repairs be made to such vehicle in a particular place or shop or by a particular concern.” Subdivision (b) of Insurance Law § 2610 further provides that “the insurer shall not, unless expressly requested by the insured, recommend or suggest repairs be made to such vehicle in a particular place or shop or by a particular concern.” The statute (former Insurance Law § 167-c) was enacted “to protect the public, which includes independent auto body and repair shops, from the ‘steering’ tactics practiced by some automobile insurers” (Auto Body Fedn. v Lewis, 80 AD2d 593, 594).
Section 216.7 of title 11 of the New York Codes, Rules and Regulations (11 NYCRR 216.7), which the parties agree is applicable to the instant claim, sets forth the standards for prompt, fair and equitable settlement of claims arising under motor vehicle collision and comprehensive coverage. The pertinent provision of the regulation states that where the insurer decides to inspect the car prior to repair, negotiations shall commence and a good-faith offer of settlement shall be made (11 NYCRR 216.7 [b] [1]). The regulation further provides that the negotiations must be conducted in good faith with the basic goal of promptly arriving at an agreed price with the insured or the designated representative (11 NYCRR 216.7 [b] [7]). However, if the parties cannot reach an “agreed price,” which is defined as “the amount agreed to by the insurer and the insured, or their representatives, as the reasonable cost to repair damages to the motor vehicle resulting from the loss, without considering any deductible or other deductions” (11 NYCRR 216.7 [a] [1]), the insurer must furnish the insured with a prescribed notice of rights letter contained in section 216.12 (11 NYCRR 216.7 [b] [14] [i]). The notice of rights form letter indicates the insurer’s offer, and provides that upon the insured’s request, the insurer can recommend a. repair shop that will make repairs at the insurer’s estimate. The form further states that if such request has not already been made, the insured “must sign the attached Section 2610 of the Insurance Law Disclosure Statement” in order to enable the insurer to recommend a repair shop (11 NYCRR 216.12). The disclosure statement also advises the insured that pursuant to the Insurance Law, the insurer cannot require that the repairs be made at a particular shop.
It is thus clear under the foregoing statutory and regulatory framework that the defendant, as the insurer in a motor vehi *183 ele collision and comprehensive loss claim, is prohibited from requiring its insured to make repairs at a “particular place or shop or by a particular concern.” (Insurance Law § 2610 [h].) Moreover, the purpose of the notice of rights letter (11 NYCRR 216.12), which the insurer must furnish to the insured if the parties cannot reach an “agreed price” (11 NYCRR 216.7 [b] [14] [i]), is to provide the insurer with the opportunity to identify a repair shop that will repair the vehicle at the insurer’s estimate and, in conformity with Insurance Law § 2610 (b), to recommend such shop only upon the insured’s express request. Neither the statute nor regulations obligate the insured to use the shop recommended by the insurer and no such obligation, in contravention of the statute, can be implied or created by the disbursement and acceptance of insurance proceeds in the amount of the insurer’s estimate of repairs. Nor may the statutory purpose and intent be circumvented by maintaining, as defendant does on appeal, that acceptance of the insurer’s checks compels the insured to either use the insurer’s recommended repair shop, or use her own shop and pay the balance of the repair costs. Defendant’s position, which in effect would limit the insured’s recovery of benefits to the insurer’s estimate of repairs, represents precisely the type of “steering” tactics that the Insurance Law and regulations were designed to proscribe.
This does not mean that an insured is automatically entitled to be reimbursed for the full amount charged by the repair shop authorized by the insured to make the repairs. Where, as here, the parties cannot reach an agreed price, the insured bears the burden of establishing the reasonable cost of the repairs necessary to bring the vehicle to its condition prior to the loss. Upon a review of the trial testimony and evidentiary materials submitted by the parties, we find no basis upon the present record to disturb the trial court’s determination that plaintiffs met their burden of proving that the repairs were necessary and that the damages claimed were reasonable and fair.
We have examined defendant’s remaining contentions and find these to be without merit.
Floyd, P. J., Doyle and Winick, JJ., concur.