■ NELLO TRIZZANO et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent, and MARINACCIO & AZZNARA, Respondent-Appellant, and CHRISTOPHER MARINACCIO, Respondent. [780 NYS2d 147]—

In an action, inter alia, to recover damages for breach of contract, (1) the defendant Allstate Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered June 11, 2003, as granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first and second causes of action and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Marinaccio & Azznara cross-appeals, as limited by its brief, from so much of the same order as granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the third and fourth causes of action and denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting those branches of the motion which were for summary judgment on the issue of liability against the defendant Allstate Insurance Company on the first and second causes of action and against the defendant Marinaccio & Azznara on the fourth cause of action, and substituting therefor a provision denying those branches of the motion, (2) deleting the provision thereof denying the cross motion of the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that cross motion, and (3) deleting the provision thereof denying that branch of the cross motion of the defendant Marinaccio & Azznara which was for summary judgment dismissing the fourth cause of ac-

tion and all cross claims predicated on the fourth cause of action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable by the plaintiffs to the defendant Allstate Insurance Company.

After purchasing a 1997 Porsche 911 Turbo S Coupe for $82,000, the plaintiffs sought insurance through the defendant insurance agency Marinaccio & Azznara (hereinafter M&A). M&A arranged for the defendant Allstate Insurance Company (hereinafter Allstate) to issue an insurance policy. It insured the plaintiffs for the actual cash value of their car, allegedly $155,500. Within four months after its purchase, the car was damaged in an accident. Allstate deemed the car to be a total loss. Relying on a regulation issued by the Superintendent of Insurance (see 11 NYCRR 216.7 [c] [1] [iv]) (hereinafter Regulation 64), Allstate tendered to the plaintiffs a check for the purchase price of the car. This regulation permits an insurer to limit an offer of settlement to the purchase price of a vehicle when a loss occurs within 180 days after the purchase. The plaintiffs commenced this action against, among others, Allstate and M&A, alleging breach of contract, fraud, negligence, and negligent misrepresentation, and seeking to recover the difference between the purchase price of the car and its actual cash value.

The plaintiffs were not entitled to summary judgment on the issue of Allstate's liability under the first cause of action, alleging breach of contract, or the second cause of action, alleging fraud. Allstate's cross motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Applicable provisions of the Insurance Law are "deemed to [be] part of [an] insurance contract as though written into it" (Salzman v Prudential Ins. Co., 296 NY 273, 277 [1947]; see Adam v Manhattan Life Ins. Co. of N.Y., 204 NY 357, 360 [1912]; Strauss v Union Cent. Life Ins. Co., 170 NY 349, 356 [1902]). Regulation 64 had the same effect as a contractual provision affording Allstate the option it chose to settle the plaintiffs' insurance claim. Thus, Allstate made a prima facie showing that it did not breach its contract of insurance with the plaintiffs, and the plaintiffs failed to raise a triable issue of fact in opposition. Since Regulation 64 effectively became part of the insurance policy, Allstate also established prima facie that it made no false representation in its policy. The plaintiffs failed to raise a triable issue of fact in opposition. Therefore, Allstate was entitled to summary judgment dismissing the fraud cause of action.

In the third cause of action, the plaintiffs alleged that M&A negligently failed to procure the requested insurance coverage. The Supreme Court properly denied that branch of M&A's cross motion which was for summary judgment dismissing that cause of action as M&A failed to establish its prima facie entitlement to judgment as a matter of law. By contrast, the plaintiffs established their entitlement to summary judgment on the issue of M&A's liability under the third cause of action. It is uncontested, indeed admitted by M&A, that the plaintiffs requested actual cash value coverage that would be effective "from day one" and that M&A assured them that such coverage was effective immediately. Moreover, it is uncontested that M&A was ignorant of Regulation 64. These uncontroverted facts place the third cause of action within the rule that "insurance agents and brokers have a common-law duty to obtain requested coverage for their clients within a reasonable time, or to inform the client of their inability to do so. *A broker may be held liable for neglect in failing to procure the requested insurance.* An insured must show that the broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that the broker breached the agreement *or that it failed to exercise due care in the transaction"* (*Reilly v Progressive Ins. Co.,* 288 AD2d 365, 365-366 [2001] [emphasis added]; *see Santaniello v Interboro Mut. Indem. Ins. Co.,* 267 AD2d 372 [1999]; *Associates Commercial Corp. of Del. v White,* 80 AD2d 570, 571 [1981]; *cf. Murphy v Kuhn,* 90 NY2d 266, 270 [1997]; *Erwig v Cook Agency,* 173 AD2d 439 [1991]). Thus, the Supreme Court properly granted summary judgment to the plaintiffs on the third cause of action.

Finally, the Supreme Court erred in granting that branch of the plaintiffs' motion which was for summary judgment on the issue of M&A's liability under the fourth cause of action alleging negligent misrepresentation. That branch of M&A's cross motion which was for summary judgment dismissing the fourth cause of action should have been granted. In opposition to M&A's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to the existence of a special relationship between them and M&A (*see Murphy v Kuhn, supra* at 268; *Hesse v Speece,* 278 AD2d 368, 369 [2000]). Smith, J.P., Krausman, Crane and Mastro, JJ., concur.