■ RICHARD CURIEL, Respondent, v STATE FARM FIRE AND CASUALTY COMPANY et al., Appellants. [826 NYS2d 391]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Agate, J.), dated September 26, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

Contrary to the plaintiff's contention, the defendant State Farm Fire and Casualty Company (hereinafter State Farm) established its prima facie entitlement to judgment as a matter of law by showing that the plaintiff made a material misrepresentation in his application for a homeowners' insurance policy, thereby entitling State Farm to rescind the policy (*see* Insurance Law § 3105 [a], [b] and [c]; *Columbia Equities v Verex Assur.*, 250 AD2d 641 [1998]; *Interested Underwriters at Lloyd's v H.D.I. III Assoc.*, 213 AD2d 246, 247 [1995]; *Sunrise Fed. Sav. Bank v Verex Assur.*, 204 AD2d 617 [1994]; *Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214 [1976], *affd* 42 NY2d 928 [1977]; *cf. Parmar v Hermitage Ins. Co.*, 21 AD3d 538 [2005]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437 [2003]; *Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713 [2001]; *Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754-755 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, the defendant insurance agent, Edward Graves, established his prima facie entitlement to judgment as a matter of law. The plaintiff, in opposition, failed to raise triable issues of fact as to the existence of a special relationship between himself and Graves (*see Murphy v Kuhn*, 90 NY2d 266 [1997]; *M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 12 [1999]) or as to Graves' negligence in failing to procure the correct type of insurance (*see Ambrosino v Exchange Ins. Co.*, 265 AD2d 627

[1999]; *cf. Trizzano v Allstate Ins. Co.,* 7 AD3d 783, 784 [2004]; *Arthur Glick Truck Sales v Spadaccia-Ryan-Haas, Inc.,* 290 AD2d 780, 781 [2002]). Adams, J.P., Ritter, Fisher and Covello, JJ., concur.