OPINION OF THE COURT
Arlene P. Bluth, J.
*949 At trial, the parties stipulated to the following facts: The underlying accident occurred on July 31, 2006. The policy covering this accident was issued after April 5, 2002. Plaintiff submitted the claims to defendant more than 45 days after the final date of service and defendant timely denied the claims.
11 NYCRR 65-1.1 (b), part of the Superintendent of Insurance’s regulations (new regulations), requires that all policies issued on or after April 5, 2002 contain a mandatory personal injury protection endorsement (Endorsement). Automobile policies have a one-year term (see Insurance Law § 3425 [a] [8]), and both parties agree that at the time the instant policy was issued the new regulations were in effect. The portion of the Endorsement relevant here requires that claims be submitted to insurers within 45 days after services are rendered.
Plaintiff admits that she failed to fulfill the requirements of the Endorsement, and sent the bills after the 45-day time limit. At the trial, the defendant did not produce the policy. Plaintiff asserts that it was defendant’s burden to produce the policy in order to establish that the policy actually included the Endorsement; defendant asserts that because the Endorsement is mandatory under the new regulations, it applies whether or not the policy actually contains it, and so it is not necessary to produce the policy. This court agrees with defendant and finds the introduction of the policy at trial is not necessary to prove that it contained the mandatory Endorsement.
The parties were given an opportunity to submit posttrial memoranda of law. In support of its position, the defendant relies upon the very recent Appellate Term, Second Department case Eagle Chiropractic, P.C. v Chubb Indem. Ins. Co. (19 Misc 3d 129[A], 2008 NY Slip Op 50525[U] [2008]), which holds that because the policy was issued after April 5, 2002, the Endorsement was mandatory and the defendant need not prove that the policy contained the Endorsement. Plaintiff did not distinguish Eagle on its facts, and indeed, on page four of her posttrial memorandum, acknowledges that if this court were bound to follow Eagle, then defendant would win. Instead, plaintiff claims that the law is different in this department. Plaintiff maintains that this court must follow SZ Med. P.C. v State Farm Mut. Auto. Ins. Co. (9 Misc 3d 139[A], 2005 NY Slip Op 51842[U] [App Term, 1st Dept 2005]), which requires a finding for plaintiff.
Plaintiff asserts that SZ Med. requires that a defendant always produce the policy in order to support its position that *950 the new regulations apply. By taking language out of context, plaintiff misreads the holding of SZ Med. Indeed, there is no split between the Appellate Terms because SZ Med. and Eagle both hold that once it is established that the policy was issued on or after April 5, 2002, then the new regulations must apply.
In SZ Med., plaintiff moved for summary judgment on its prima facie case for claims submitted between December 2002 and April 2003; defendant opposed, claiming the new regulations applied. The trial court denied summary judgment, finding that because plaintiff submitted the claims after April 5, 2002, the new regulations applied. In reversing, the Appellate Term simply made clear that the date the policy was issued determines if the new regulations are applicable, not the date when plaintiff submits its claims. The defendant in that case did not come forward with proof of when the policy was issued, and there is no indication that this crucial date could have otherwise been determined; the Appellate Term granted plaintiffs motion for summary judgment.
Here the defendant need not produce proof that the policy was issued after April 5, 2002, because the parties stipulated to that fact. Had there been no stipulation, however, the fact remains that the earliest date that the policy covering this July 31, 2006 accident could have been issued was July 31, 2005; this was more than three years after the effective date of the new regulations. Even if the insurance policy lacked the mandatory Endorsement, then the applicable provisions of the Insurance Law or the applicable regulation, which “has the force of law” (Raffellini v State Farm Mut. Auto. Ins. Co., 9 NY3d 196, 201 [2007]), are deemed to be part of the policy as though written into it. (See also Insurance Law § 3103 [a] [even if the policy or provision is “in violation of the requirements or prohibitions of this chapter it shall be enforceable as if it conformed with such requirements or prohibitions”]; Trizzano v Allstate Ins. Co., 7 AD3d 783 [2d Dept 2004] [auto policy]; TAG 380, LLC v Corn-Met 380, Inc., 10 NY3d 507 [2008] [fire policy].)
Where, as here, it is clear that the policy is subject to the new regulations, the mandatory Endorsement is read into the policy and the defendant is not required to produce it. Accordingly, after trial, the court awards judgment in favor of defendant Government Employees Insurance Company and against plaintiff Dana Woolfson, LMT. The complaint is dismissed with prejudice.