OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Plaintiff filed a claim with defendant, his insurer, for coverage under his automobile insurance policy after his car sustained damage in a motor vehicle accident. His car was inspected by defendant’s claims adjuster, who submitted an estimate in the amount of $3,831.94, before the deduction of the applicable deductible. Plaintiff chose to have his car repaired by MVB Collision, Inc., doing business as Mid-Island Collision, Inc. (Mid-Island), which estimated the repair costs to be $10,428.10. The parties were unable to reach an agreed price, and defendant ultimately sent plaintiff two checks for a total sum of $3,331.94. After plaintiff had Mid-Island repair his car, he commenced this breach of contract action against defendant.
Defendant moved for summary judgment, alleging that it did not breach the insurance policy because it did not have an obligation to pay the excess charges imposed by the repair facility which plaintiff had chosen. Plaintiff opposed the motion, contending that the question of whether defendant was liable for the excess amount was a factual question which must be determined on a “case-by-case” basis. The District Court denied defendant’s motion.
Insurance Department Regulations (11 NYCRR) part 216, entitled “Unfair Claims Settlement Practices and Claim Cost Control Measures,” governs an insurer’s conduct in the auto repair process, and provides specific rules for the processing of first-party motor vehicle physical damage claims and third-party property damage claims arising under motor vehicle liability insurance contracts (see Insurance Department Regulations [11 NYCRR] § 216.0 [a]). Insurance Department Regulations (11 NYCRR) § 216.7 sets forth the standards for prompt, fair and equitable settlement of motor vehicle physical damage claims. The pertinent provision of the regulation states that, where an insurer decides to inspect a car prior to repair, “negotiations shall commence and a good faith offer of settle *19 ment, sufficient to repair the vehicle to its condition immediately prior to the loss, shall be made” to the insured’s designated representative and may also be made to the insured, if there is no designated representative (see Insurance Department Regulations [11 NYCRR] § 216.7 [b] [1]). The regulation further provides that the negotiations “must be conducted in good faith, with the basic goal of promptly arriving at an agreed price with the insured or the insured’s designated representative” (Insurance Department Regulations [11 NYCRR] § 216.7 [b] [7]). If, after negotiations, the parties cannot reach an “agreed price,” which is defined as “the amount agreed to by the insurer and the insured, or their representatives, as the reasonable cost to repair damages to the motor vehicle resulting from the loss, without considering any deductible or other deductions” (Insurance Department Regulations [11 NYCRR] § 216.7 [a] [1]), the insurer must furnish the insured with a prescribed notice of rights letter (see Insurance Department Regulations [11 NYCRR] § 216.7 [b] [14] [i]) indicating the insurer’s offer, and providing that, upon the insured’s request, the insurer can recommend a repair shop that will make the repairs at a cost equal to the insurer’s estimate. The notice of rights letter further states that, if such request has not already been made, the insured must sign an attached disclosure statement in order to enable the insurer to recommend a repair shop (see Insurance Department Regulations [11 NYCRR] § 216.12). The disclosure statement advises the insured that, pursuant to Insurance Law § 2610, the insurer cannot require that the repairs be made at a particular shop. As noted, the notice of rights letter must be furnished to the insured if the parties cannot reach an “agreed price” (see Insurance Department Regulations [11 NYCRR] § 216.7 [b] [14] [i]), and provides the insurer with an opportunity to identify a repair shop that will repair the vehicle at the insurer’s estimate and, in conformity with Insurance Law § 2610 (b), to recommend such shop only upon the insured’s express request.
On July 16, 2008, the Superintendent of Insurance issued an opinion letter which, among other things, construed what constituted a “good faith negotiation” under Insurance Department Regulations (11 NYCRR) § 216.7 (b) (7). It stated that “a good faith negotiation need not result in an ultimate agreement on a settlement amount provided that a repair shop, reasonably convenient to the claimant, is able to repair the vehicle for the amount the insurer offers in settlement” (Ops Gen Counsel NY Ins Dept No. 08-07-09 [July 2008]). The letter also stated that
*20 “the insurer is not obligated to pay for any repair cost that exceeds the amount of the good faith offer required pursuant to 11 NYCRR § 216.7(b)(1). In such a circumstance, if the insured elects to repair the vehicle at another facility at a higher repair cost, the insurer is not financially responsible for the excess cost above the amount of the insurer’s offer”
(id.), although the reasonableness of the insurer’s offer is ultimately subject to judicial review.
A December 31, 2008 opinion letter issued by the Superintendent of Insurance further stated that there was “no requirement that either side move off its respective initial position in a negotiation, and an insurer is not required to alter its initial negotiating position on labor rates, or any other negotiable issue, provided that its position is taken in good faith” (Ops Gen Counsel NY Ins Dept NY Dept No. 08-12-09 [Dec. 2008]).
Giving due deference to the Insurance Department’s interpretation of its own regulations as set forth in its opinion letters (see e.g. LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217 [2009]), we find that, in order to establish a prima facie case for summary judgment, defendant was required to comply with the regulatory mandate by demonstrating that it had undertaken good faith negotiations with plaintiff or his designated representative. In doing so, it had to establish, in support of its motion for summary judgment, that a facility “reasonably convenient” (including, e.g., both in distance and in time required to repair) to plaintiff existed, and that such facility would be able to repair the vehicle “to its condition immediately prior to the loss” (Insurance Department Regulations [11 NYCRR] § 216.7 [b] [1]) for the amount of its offer (see Ops Gen Counsel NY Ins Dept No. 08-07-09 [July 2008]). We note that while defendant is statutorily prohibited from recommending a repair facility if the insured does not request a recommendation (see Insurance Law § 2610 [b]), it is not barred in this litigation from identifying that facility, since there is no longer an issue as to whether defendant was “steering” plaintiff to a particular facility (see generally Allstate Ins. Co. v Serio, 98 NY2d 198 [2002]).
As defendant failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), its motion was properly denied, albeit for reasons other than those stated by the District Court. In view of the foregoing, we need not reach plaintiffs remaining contentions.
*21 Accordingly, the order is affirmed.
Molia, J.P., Nicolai and LaCava, JJ., concur.