**East Collision, Inc. v State Farm Mut. Auto. Ins. Co.**

2025 NY Slip Op 33906(U)

October 17, 2025

Supreme Court, Westchester County

Docket Number: Index No. 72421/2024

Judge: Robert S. Ondrovic

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

To commence the statutory time for
appeals as of right (CPLR 5513[a]),
you are advised to serve a copy of
this order, with notice of entry,
upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
EAST COLLISION, INC., as assignee of
AILEEN YAMBO,

                                Plaintiff,

                -against-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                             Defendant.
-------------------------------------------------------------------X

**DECISION AND ORDER**

Index No.: 72421/2024

Motion Seq. No. 1

**ROBERT S. ONDROVIC, J.**

       In an action for breach of contract in connection with a dispute regarding insurance coverage for automobile repairs, the defendant State Farm Mutual Automobile Insurance Company ("defendant") moves for an Order pursuant to CPLR 3212 awarding defendant summary judgment dismissing as a matter of law the Complaint of the plaintiff East Collision, Inc. ("plaintiff"), as assignee of Aileen Yambo ("Yambo"). The following papers were considered in connection with defendant's motion:

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion, Bell Affirmation, Exhibits A-K, Chiriboga Affirmation, Exhibits 1 – 2 Memorandum of Law in Support | 1 – 17 |
| Rotondi Affirmation in Opposition, Exhibits A – G Mamo Affirmation in Opposition, Exhibits A – F Memorandum of Law in Opposition | 18 – 33 |
| Chiriboga Affirmation in Reply Memorandum of Law in Reply | 34 – 35 |

**Background**

       On October 8, 2024, plaintiff commenced this action by its filing of a Summons and Complaint (*see* NYSCEF Doc. Nos. 1-3). In sum and substance, the Complaint alleges that

1

[* 1]

defendant issued Yambo an automobile insurance policy (the "Policy") for her 2017 Maserati Ghibli (the "Vehicle"), which Policy was in effect as of June 21, 2024 (*see* NYSCEF Doc. No. 1 at ¶¶ 1-21). It alleges that the Vehicle sustained damage in a collision on June 21, 2014 (the "Accident"), and that Yambo thereafter filed an insurance claim for the Accident (the "Claim") with defendant (*id.*). The Complaint alleges that defendant has an obligation to indemnify Yambo for the reasonable and necessary repairs made to the Vehicle in accordance with the Policy (*id.*). It further alleges that on July 10, 2024, Yambo brought the Vehicle to plaintiff to have the damage repaired, and that Yambo signed a Repair Authorization and a Designated Representative Authorization allowing plaintiff to repair the Vehicle and to negotiate with defendant for the cost and payment for such repairs (*id.*). It alleges that in July of 2024 defendant accepted 100 percent responsibility for payment for the Vehicle's repairs, and entered into negotiations with plaintiff regarding the specific cost of such repairs (*id.*). The Complaint alleges that plaintiff performed all necessary repairs for the Vehicle at a total cost of $24,853.90, but that defendant materially breached its contractual obligations under the Policy by refusing to negotiate in good faith with plaintiff and to pay for all such necessary repairs (*id.*). It further alleges that Yambo signed an "Assignment of Claim" assigning to plaintiff all rights as against defendant for damages arising out of defendant's potential failure to pay for the total cost of repairs to the Vehicle (*id.*).

In its sole cause of action for breach of contract, the Complaint alleges that defendant materially breached the Policy and defendant's incorporated obligations under New York Insurance Law Section 2601 and Regulation 64, Part 216 by failing to negotiate in good faith with plaintiff and by only paying plaintiff the sum of $10,416.27 for repairs to the Vehicle (*id.*). As such, the Complaint alleges that plaintiff has been damaged in an amount of no less than $14,437.63, reflecting the difference between the $24,853.90 total cost of the repairs and the $10,416.27 furnished by defendant, exclusive of interest and the costs and disbursements incurred in this action (*id.*).

On November 25, 2024, defendant furnished an Answer in which it, *inter alia*, denied the material allegations of the Complaint and asserted 14 affirmative defenses in response thereto (*see* NYSCEF Doc. No. 4).

Following the completion of discovery, a Trial Readiness Conference was held on May 29, 2025. On that date, the Court issued a Trial Readiness Order in which it certified the matter as ready for trial and indicated that no further discovery shall be permitted (*see* NYSCEF Doc. No. 14). The Trial Readiness Order further directed plaintiff to file a Note of Issue within ten days thereof, and stated that any summary judgment motions must be made within 60 days following the filing of the Note of Issue (*id.*). On June 1, 2025, plaintiff timely filed a Note of Issue and Certificate of Readiness for Trial (*see* NYSCEF Doc. No. 15).

On July 31, 2025, defendant timely moved (seq. no. 1) for summary judgment dismissing the Complaint as a matter of law pursuant to CPLR 3212 (*see* NYSCEF Doc. Nos. 18-34). In support of its motion, defendant submits an affirmation from its Property Team Manager, Roger Bell ("Bell") (*see* NYSCEF Doc. No. 31). Bell avers that following Yambo's submission of the Claim in connection with the Accident, defendant sent an appraiser to conduct an in-person inspection of the Vehicle in August of 2024 (*id.*). He avers that the appraiser determined that the

[* 2]

damage to the Vehicle was not structural in nature, and therefore did not warrant the high hourly rate that plaintiff intended to charge for repairs (*id.*). Bell avers that the $10,416.27 that defendant paid to plaintiff for repairing the Vehicle is consistent with the Policy's "Limits and Loss Settlement" section, and that plaintiff should not be entitled to the additional $14,437.63 sought in this action (*id.*).

Defendant also submits an affirmation from its counsel, J. Christine Chiriboga, Esq. ("Chiriboga") (*see* NYSCEF Doc. No. 19). The purpose of Chiriboga's affirmation is to annex copies of the pleadings as well as documentary evidence in support of defendant's summary judgment motion (*see* NYSCEF Doc. Nos. 20-30), as well as to recite this action's procedural history and to summarize defendant's legal arguments as set forth in its accompanying memorandum of law (*see* NYSCEF Doc. No. 19).

In its memorandum of law, defendant argues that plaintiff has no private right of action under New York Insurance Law Section 2601 or Regulation 64, Part 216, such that its breach of contract claim should be dismissed as a matter of law pursuant to CPLR 3212 (*see* NYSCEF Doc. No. 34). Defendant contends that Insurance Law Section 2601 was not intended to provide remedies, such as breach of contract claims, for individuals, and that neither this statute nor Regulation 64 can or should be read into the Policy (*id.*). Therefore, defendant concludes that plaintiff's sole cause of action for breach of contract fails as a matter of law and should be dismissed pursuant to CPLR 3212 (*id.*).

In opposition to defendant's motion, plaintiff submits an affirmation from its owner and principal, Paul Rotondi ("Rotondi"), that is based upon Rotondi's personal knowledge (*see* NYSCEF Doc. No. 45). Rotondi avers that at the time of the Claim, plaintiff's posted labor rate for repairing luxury cars such as the Vehicle was $150 per hour, and that insurance companies routinely pay at least $125 per hour for repairs performed in plaintiff's geographic location, reflecting that plaintiff's rate is reasonable (*id.*). Rotondi avers that he offered the appraiser a reduced rate of $125 per hour for the Vehicle's repairs, and that defendant unreasonably refused to pay more than $62 per hour for plaintiff's services, demonstrating defendant's failure to negotiate in good faith (*id.*). He avers that contrary to defendant's claim, the Vehicle had in fact sustained structural damage in the Accident; and that the necessary structural repairs were time-consuming and labor intensive, and warranted the $24,853.90 cost charged by plaintiff (*id.*). Rotondi avers that because defendant failed and refused to pay for these reasonable repairs in breach of the Policy, defendant should not be entitled to summary judgment dismissing plaintiff's claim for breach of contract (*id.*).

Plaintiff also submits an affirmation from its counsel, Anthony J. Mamo, Jr., Esq. ("Mamo") (*see* NYSCEF Doc. No. 38). The purpose of Mamo's affirmation is to annex copies of documentary evidence in opposition to defendant's summary judgment motion (*see* NYSCEF Doc. Nos. 39-44), and to summarize plaintiff's legal arguments as set forth in its memorandum of law in opposition (*see* NYSCEF Doc. No. 38).

In plaintiff's memorandum of law in opposition, it first argues that plaintiff has validly stated a claim for breach of contract under the Policy due to defendant's failure to pay for reasonable repairs to the Vehicle and its failure to negotiate in good faith (*see* NYSCEF Doc. No.

3

[* 3]

53). Plaintiff contends that defendant has intentionally misconstrued the Complaint's single cause of action as a statutory claim, when in fact it is a straightforward breach of contract claim based upon defendant's material breach of the Policy, and which merely references relevant Insurance Law provisions that are read into the Policy by law (*id*.). Plaintiff asserts that in any event, triable issues of fact regarding whether defendant negotiated in good faith preclude an award of summary judgment in defendant's favor, as whether an insurer or a collision repair facility negotiated in good faith is a question of fact for the jury to decide (*id*.). Plaintiff argues that the reasonable cost of the repair of a damaged vehicle is also a question of fact for the jury to determine, further reflecting that triable issues of fact require the denial of defendant's summary judgment motion (*id*.). Accordingly, plaintiff concludes that its submissions in opposition demonstrate that at the bare minimum, triable issues of fact exist such that defendant's CPLR 3212 motion should be denied in its entirety (*id*.).

As its reply, defendant submits a reply affirmation from Chiriboga, in which she summarizes defendant's legal arguments in further support of its summary judgment motion (*see* NYSCEF Doc. No. 56).

Defendant also submits a reply memorandum of law in which it reiterates its contention that because plaintiff has no private right of action pursuant to New York Insurance Law Section 2601 or Regulation 64, Part 216, its breach of contract claim should be dismissed as a matter of law pursuant to CPLR 3212 (*see* NYSCEF Doc. No. 57). Defendant asserts that nonetheless, because plaintiff's opposition does not set forth evidence demonstrating that defendant failed to negotiate with plaintiff in good faith, the record on this motion presents no triable issues of fact (*id*.). Accordingly, defendant concludes that its summary judgment motion should be granted in its entirety, and the Complaint should be dismissed as a matter of law pursuant to CPLR 3212 (*id*.).

## Analysis

The legal standards to be applied in evaluating a motion for summary judgment pursuant to CPLR 3212 are well-settled. "Summary judgment is a drastic remedy, to be granted only where the moving party has 'tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact' and then only if, upon the moving party's meeting of this [*prima facie*] burden, the non-moving party fails 'to establish the existence of material issues of fact which require a trial of the action'" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012], *quoting Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party'" (*Vega*, 18 NY3d at 503, *quoting Ortiz v Varsity Holdings, LLC,* 18 NY3d 335, 339 [2011]). "[S]ummary judgment is appropriate 'where only one conclusion may be drawn from the established facts'" (*Jones v St. Rita's R.C. Church*, 187 AD3d 727, 729 [2d Dept 2020], *quoting Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]), or where a cause of action and/or the type of damages sought "fails as a matter of law" (*Ramos v Howard Indus., Inc.*, 10 NY3d 218, 224 [2008]; *see also M.V.B. Collision, Inc. v Allstate Ins. Co.*, 187 AD3d 881, 882 [2d Dept 2020]).

Having reviewed the parties' submissions, the Court determines that defendant has not met its *prima facie* burden of demonstrating entitlement to summary judgment dismissing

4

[* 4]

plaintiff's breach of contract claim[1] pursuant to CPLR 3212. Specifically, the Court notes that defendant's submission of an affirmation from its Property Team Manager, Bell, is not based upon Bell's personal knowledge regarding the repairs to the Vehicle, including the key issues of whether defendant negotiated the cost of such repairs in good faith, and whether the respective amounts charged by plaintiff and paid by defendant were reasonable (*see* NYSCEF Doc. No. 31). Instead, Bell avers that an appraiser from non-party entity Auto Estimatics, Sherita Murray ("Murray") inspected the Vehicle on August 28, 2024, determined that the damage was not structural in nature, and communicated with Rotondi concerning the cost of the repairs (*id*.). Critically, however, defendant in moving for summary judgment has not furnished an affidavit or affirmation from Murray averring as to these alleged facts within her personal knowledge, and nor has defendant furnished any sworn deposition testimony from Murray (*see* NYSCEF Doc. Nos. 19-33). Indeed, the only documentary evidence annexed to Bell's affirmation is a copy of the Policy and a copy of defendant's file for the Claim (*see* NYSCEF Doc. Nos. 32-33), and defendant's counsel's affirmation similarly fails to annex any affidavit or other sworn testimony from Murray (*see* NYSCEF Doc. Nos. 20-30).[2]

Accordingly, because defendant's submissions conspicuously fail to include an affidavit or affirmation from "a person having knowledge of the facts," defendant has failed to demonstrate its *prima facie* entitlement to summary judgment dismissing plaintiff's sole cause of action for breach of contract (*see* CPLR 3212[b]; *see also Valerio v City of New York*, 238 AD3d 945, 947 [2d Dept 2025] (holding that "[t]he Supreme Court properly denied the Help defendants' motion for summary judgment dismissing the complaint" and stating that "an affidavit by an individual without personal knowledge of the facts does not establish the proponent's *prima facie* burden on a motion for summary judgment"); *Zeldin v Larose*, 223 AD3d 858, 859 [2d Dept 2024] (affirming the denial of summary judgment and noting that "'an affidavit by an individual without personal knowledge of the facts does not establish the proponent's *prima facie* burden' on a motion for summary judgment"), *quoting Beauvoir v Samuel*, 204 AD3d 741, 742 [2d Dept 2022]; *Mitchell v 148th St. Jamaica Condominium*, 221 AD3d 596, 599 [2d Dept 2023] (finding that the movant "failed to establish its *prima facie* entitlement to judgment as a matter of law because it submitted only a self-serving and conclusory affidavit from its president in support of its motion" and holding that summary judgment "was properly denied, regardless of the sufficiency of the plaintiff's opposition papers")).

The Court does not credit defendant's argument that the Complaint should be dismissed as a matter of law because plaintiff has no private right of action under New York Insurance Law Section 2601 or Regulation 64, Part 216. In particular, plaintiff is correct that defendant has attempted to reframe and/or misconstrue the Complaint's single cause of action as a statutory claim, when in fact it is a breach of contract claim based upon defendant's alleged breach of the Policy, and which merely references relevant Insurance Law provisions that are read into the

---

[1] "The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (*Blank v Petrosyants*, 203 AD3d 685, 688 [2d Dept 2022], *quoting Liberty Equity Restoration Corp. v Yun*, 160 AD3d 623, 626 [2d Dept 2018]).

[2] The documentary evidence attached to counsel's affirmation includes, *inter alia*, copies of the pleadings and documents exchanged by the parties in the discovery process (*see* NYSCEF Doc. Nos. 20-30).

5

[* 5]

Policy by law (*see generally Trizzano v Allstate Ins. Co.*, 7 AD3d 783, 785 [2d Dept 2004] (stating that "[a]pplicable provisions of the Insurance Law are deemed to be part of an insurance contract as though written into it"), *citing Salzman v Prudential Ins. Co.*, 296 NY 273, 277 [1947]; *accord Sec. Mut. Life Ins. Co. of N.Y. v Rodriguez*, 65 AD3d 1, 6 [1st Dept 2009] (noting that "[e]xisting and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and, together with settled judicial constructions thereof, become a part of the contract as much as if they were actually incorporated therein"); *Prospect Auto Sales & Repairs, Inc. v State Farm Mut. Auto. Ins. Co.*, 2024 NY Misc. LEXIS 4680, *13 [Sup. Ct. Westchester Cty. Mar. 8, 2024] (stating that "courts have found that applicable provisions of the Insurance Law are deemed to be part of an insurance contract as though written into it")).

A plain reading of the Complaint confirms that, although plaintiff references the aforementioned provisions of the New York Insurance Law that are incorporated into the Policy, the breach of contract claim is grounded in the central allegation that defendant materially breached the Policy. In relevant part, the pleading alleges that the Policy constitutes a contract between Yambo and defendant that was assigned to plaintiff, and that "pursuant to . . . its contract of insurance with Aileen Yambo, Defendant had a duty to negotiate in good faith with the collision repairer designated to repair the subject automobile at issue, namely, the plaintiff" (*see* NYSCEF Doc. No. 1 at ¶¶ 4-7, 15). It further alleges that "[d]efendant did violate . . . its policy of insurance issued to Aileen Yambo in that they failed to negotiate in good faith with the plaintiff, East Collision, by refusing to negotiate in good faith over the procedures, parts and materials and the costs thereof . . ." (*id.* at ¶ 17). The Complaint also alleges that "[d]efendant refused to make full and final payment of the amount due and owing to the plaintiff . . . and, therefore, the Defendant breached their contractual obligations owed to their insured, Aileen Yambo, under the policy of insurance issued by Defendant to Aileen Yambo" (*id.* at ¶ 19). Accordingly, notwithstanding defendant's effort to portray the Complaint's sole claim as improperly seeking a private right of action under the New York Insurance Law, plaintiff's cause of action unambiguously alleges that defendant materially breached the Policy by failing to negotiate in good faith and by failing and refusing to furnish the total amount owed to plaintiff in connection with the Claim, and that plaintiff suffered damages of at least $14,437.63 as a direct result of defendant's breach of contract (*id.* at ¶¶ 4-21).

In any event, even if defendant had met its *prima facie* burden of demonstrating entitlement to summary judgment – which it did not – plaintiff's opposition nonetheless cites the existence of triable issues of fact that would require the denial of defendant's motion. Plaintiff furnishes an affirmation from its owner and principal, Rotondi, which is based upon Rotondi's personal knowledge concerning plaintiff's repair of the Vehicle and plaintiff's negotiations with defendant (*see* NYSCEF Doc. No. 45). Indeed, Rotondi avers that he personally spoke with Murray concerning plaintiff's hourly labor rate for repairs of luxury cars such as the Vehicle, offered to reduce plaintiff's rate to $125 based upon the standard rate charged by automobile repair facilities in plaintiff's geographic location, and thereafter personally handled all negotiations with defendant concerning the cost of the repairs (*id.*). Rotondi also annexes to his affirmation documentary evidence including, *inter alia*, repair estimates from plaintiff and from other regional automobile repair shops, which collectively demonstrate the presence of triable issues of fact regarding whether defendant negotiated in good faith and whether the amount

6

[* 6]

charged by plaintiff for the repairs – or the reduced amount paid by defendant – was reasonable (*see* NYSCEF Doc. Nos. 46-52; *see also Nadel v Allstate Ins. Co.*, 36 Misc.3d 17, 20 [App. Term 2d Dept 2012] (affirming the denial of summary judgment and noting that "in order to establish a *prima facie* case for summary judgment, defendant was required to comply with the regulatory mandate by demonstrating that it had undertaken good faith negotiations with plaintiff or his designated representative"); *Rizzo v Merchs. & Businessmen's Mut. Ins. Co.*, 188 Misc.2d 180, 183 [App. Term 2d Dept 2001] (stating that "[w]here, as here, the parties cannot reach an agreed price, the insured bears the burden of establishing the reasonable cost of the repairs necessary to bring the vehicle to its condition prior to the loss")).

Furthermore, as noted by plaintiff, this Court recently denied summary judgment due to the presence of triable issues of fact in an action involving the same central issue presented herein and the same defendant. In *Westchester Collision & Recovery Corp. v State Farm Mutual Automobile Insurance Company* (Westchester Cty. Sup. Ct. Index. No. 63539/2024), the defendant moved for summary judgment dismissing the Complaint on the principal ground that a plaintiff has no private right of action under New York Insurance Law Section 2601 or Regulation 64. The plaintiff opposed the motion, citing the parties' dispute concerning whether the defendant had negotiated in good faith regarding the cost of repairs for vehicles insured by the defendant. This Court denied the defendant's motion, noting that precisely as is the case in this action, triable issues of fact precluded an award of summary judgment. Specifically, in a Decision and Order dated July 8, 2025, the Court stated:

> Defendant moves for summary judgment in this action seeking damages for the alleged failure of the Defendant to negotiate in good faith the repair charges of the Plaintiff for vehicles insured by the Defendant. Defendant argues that there is no breach of the insurance contracts with the individual insureds and that Plaintiff may not maintain a breach of contract claim based on violations of Insurance Law Section 2601 and Regulation 64.
>
> Upon review of all of the submissions, the Court finds that there are material questions of fact as to whether under the circumstances presented the Plaintiff is entitled to seek reimbursement of the costs of the repairs alleged herein. As a result of such questions of fact, the motion is denied in its entirety (*see* NYSCEF Doc. No. 39).

Therefore, as in *Westchester Collision*, even if defendant had met its *prima facie* burden, the Court would nonetheless find that triable issues of fact concerning defendant's alleged breach of contract preclude an award of summary judgment, such that defendant's motion is denied (*see BML Props. Ltd. v China Constr. Am., Inc.*, 2024 NY App. Div. LEXIS 2278, *2 [2d Dept Apr. 25, 2024] (holding that because "issues of fact exist," "[t]he motion court properly denied summary judgment" concerning plaintiff's breach of contract claim); *Graciano Corp. v Lanmark Group, Inc.*, 221 AD3d 473, 474 [1st Dept 2023] (noting that the Appellate Division previously "found simply that Supreme Court had properly denied [defendant]'s motion for summary judgment on its counterclaim for breach of contract, as issues of fact existed"); *Compensation*

7

*Guidance, Inc. v Ashnu Intl., Inc*., 220 AD3d 683, 684 [2d Dept 2023] (holding that "the Supreme Court properly denied the plaintiff's motion for summary judgment on the cause of action to recover damages for breach of contract" because "[q]uestions of fact exist")).

Accordingly, it is hereby,

ORDERED that defendant's motion (seq. no. 1) for summary judgment dismissing the Complaint as a matter of law pursuant to CPLR 3212 is denied in its entirety.

The foregoing constitutes the Decision and Order of this Court.[3]

Dated:   White Plains, New York
         October 17, 2025

ENTER,

_____
HON. ROBERT S. ONDROVIC, J.S.C.

**TO**:

Anthony J. Mamo, Esq.
Attorney for plaintiff
VIA NYSCEF

J. Christine Chiriboga, Esq.
Attorney for defendant
VIA NYSCEF

---

[3] All other arguments raised on this motion and all materials submitted by the parties in connection therewith have been considered by this Court, notwithstanding the specific absence of reference thereto.

[* 8]