■ METS DONUTS, INC., Respondent-Appellant, v DAIRYLAND INSURANCE COMPANY et al., Respondents, and VINCENT RUPPANER, Appellant-Respondent.—In an action, inter alia, to recover damages for negligence in the procurement and issuance of a multiperil insurance policy, the defendant Vincent Ruppaner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), entered April 13, 1989, as (1) granted summary judgment to the defendant Sovereign Facilities, Inc., dismissing his cross claim against it for indemnification and/or contribution, and (2) denied his motion for summary judgment dismissing the complaint as asserted against him. The plaintiff cross-appeals from so much of the same order as purportedly dismissed a cause of action to enforce the terms of the insurance policy.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff allegedly requested that its insurance agent, the defendant Vincent Ruppaner, obtain insurance coverage in the amounts of $75,000 for the contents of the leased premises in which its bakery was housed and $10,000 of lost-

income coverage. However, Ruppaner's agency obtained coverage in the amount of $10,000 for the contents of the premises and $75,000 for the building itself from the defendant Dairyland Insurance Company (hereinafter Dairyland) through its broker, the defendant Sovereign Facilities, Inc. (hereinafter Sovereign). Prior to the issuance of the policy, a site inspection of the plaintiff's premises was performed on behalf of Sovereign. The inspection revealed that the plaintiff was the lessee of the premises. Several months after the policy was issued, a fire destroyed the premises.

Ruppaner asserts that Sovereign was negligent in failing to inquire as to why the plaintiff was requesting $75,000 worth of coverage on a building it did not own. In the alternative, Ruppaner claims that Sovereign acted fraudulently in taking advantage of an obvious mistake in the insurance request. We disagree. Sovereign was under no duty to either Ruppaner or the plaintiff to inspect the premises prior to having the requested insurance issued. Therefore, its alleged failure to inquire as to the plaintiff's interest in the building cannot serve as a basis for recovery by either Ruppaner or the plaintiff *(see, Designcraft Jewel Indus. v Rampart Brokerage Corp.,* 63 AD2d 926, *affd* 46 NY2d 981). Moreover, Sovereign cannot be held liable on any theory that it negligently performed a voluntary act in inspecting the plaintiff's premises since it was acting solely with a view toward its interests and the interests of Dairyland *(see, Home Mut. Ins. Co. v Broadway Bank & Trust Co.,* 53 NY2d 568, 576). In addition, the allegations concerning fraud are wholly unsubstantiated, inasmuch as no evidence of knowledge by Sovereign of a lack of an insurable interest by the plaintiff in the premises was presented *(see, Sigola Mfg. v Dairyland Ins. Co.,* 124 AD2d 654).

The court properly denied Ruppaner's motion for summary judgment dismissing the plaintiff's complaint as asserted against him. In the absence of any showing that an insured is aware of the discrepancy between the coverage it claims to have requested and that actually obtained by the insurance agent, an insured has a right to rely upon the agent's presumed obedience to his or her instructions *(see,* 68 NY Jur 2d, Insurance, § 439; *Israelson v Williams,* 166 App Div 25). Here, there is a question of fact as to what the plaintiff's instructions to Ruppaner were.

Finally, with respect to the plaintiff's cross appeal, as the court correctly noted in its decision the complaint does not allege a cause of action to enforce the terms of the policy as

issued. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.