■ TATIANA BELIAVSKAIA et al., Respondents, v HYMAN PERKIN et al., Appellants. [642 NYS2d 522] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about December 21, 1995, which granted plaintiffs' motion to preserve Ms. Beliavskaia's testimony by videotape, unanimously affirmed, without costs.

An affidavit showing unusual or unanticipated circumstances justifying a departure from the general rule foreclosing discovery after the filing of a note of issue (22 NYCRR 202.21 [d]) was not required here since the relief sought was not in the nature of discovery (*cf., Hill v Sheehan*, 154 AD2d 912).

We have considered defendants' other contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.

■ In the Matter of FUMIO YOSHIDA et al., Petitioners, v SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, Respondent. [642 NYS2d 299] —Determination of respondent Superintendent of Insurance dated November 30, 1994, which revoked petitioner's insurance agent's and broker's licenses, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Karla Moskowitz, J.], entered April 14, 1995), dismissed, without costs.

Petitioner seeks review of only the penalty, conceding that he violated Insurance Law § 2102 by forming and operating an unauthorized insurance enterprise to sell health insurance, but arguing that his uncorrupt intention was to provide afford-. able health insurance to members of his community and that respondent's finding as to the amount of profit he realized is not supported by substantial evidence. Regardless of the amount of profit realized, the Court is not in a position to second-guess respondent's opinion that a dereliction such as this is one of turpitude typical of "unscrupulous entrepreneurs", has a strong potential for adversely impacting on the public, and is best deterred by license revocation (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 234-235, 237, 240). Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.