■ JOHN E. MAGEE, Respondent, v CITY OF NEW YORK et al., Defendants, and CLAUDIO BATISTA, Appellant. [662 NYS2d 18] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about June 7, 1996, which granted plaintiff's motion to strike defendant-appellant's answer unless appellant appears for deposition within 30 days, unanimously modified, on the law, the facts, and in the exercise of discretion, to preclude appellant from testifying at trial unless he appears for deposition within 60 days of trial, and otherwise affirmed, without costs.

We agree with the IAS Court that the investigator's affidavit submitted by appellant's attorneys in opposition to the motion lacked the detail necessary to demonstrate good faith efforts to locate appellant, and that a sanction is warranted. However, in the exercise of discretion, we impose preclusion of defendant's testimony as a sanction more appropriate than the striking of his pleadings (*see, Gonzalez v National Car Rental*, 178 AD2d 116). The adverse impact of the striking of appellant's answer

would fall most heavily on Domingues, who is not in default of any discovery order and who would be vicariously liable for appellant's negligence under Vehicle and Traffic Law § 388.

Plaintiff's motion for disclosure sanctions, which was made after he filed a note of issue but was based upon notices and orders that predated the note of issue, was not precluded by 22 NYCRR 202.21 (d), since the relief sought was not in the nature of disclosure (*see, Beliavskaia v Perkin*, 227 AD2d 246). Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Colabella, JJ.