■ FLOYD W. KYES, Doing Business as F.W. KYES TRANSPORTATION, Appellant, v NORTHBROOK PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant, and ERIC B. CHAPMAN et al., Respondents. [717 NYS2d 757] —Peters, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered March 20, 2000 in Tompkins County, which granted a motion by defendants Eric B. Chapman and J.D. Chapman Agency, Inc. for summary judgment dismissing the complaint against them.

Plaintiff, owner of F.W. Kyes Transportation (hereinafter Kyes), transports recreational vehicles between various manufacturers' warehouses, his own warehouse and retail outlets, storing such vehicles at his warehouse for varying periods of time. In 1991, plaintiff switched insurers, ultimately purchasing a "Cargo-All Risk" policy from defendants Eric B. Chapman and the J.D. Chapman Agency, Inc. (hereinafter collectively referred to as Chapman). While procuring such insurance, plaintiff worked with Chapman over the telephone to complete the application. Notes therefrom described plaintiff's business as follows: "Kyes picks up snowmobile & motorcycles in Hightown, NY once per w[ee]k in covered tractor trailer. ([A]ctually takes title and posssess[ion]). He brings them back to Locke, NY and unloads them onto 3-Ford F450's mini flat beds in crates and delivers 3 times/wk to local dealers in Central N. Y. State."

The policy, written by defendant Northbrook Property and Casualty Insurance Company, provided coverage, *inter alia*, for plaintiff's "personal property or property * * * sold to others while the property is in transit on vehicles that * * * [he] own[s], lease[s] or operate[s]." Plaintiff alleged that after he read the declaration page and policy issued by Northbrook, as well as the binder sent to him by Chapman, he telephoned Chapman, specifically questioning the scope of the coverage obtained in light of his business practices; Chapman assured him that he "was all set for what [he] did." Plaintiff twice

renewed the policy without changing the amount or scope of coverage.

While such policy was in effect, a portion of the roof on plaintiff's trucking facility collapsed onto one of the trucks that was loaded for delivery. As a worker tried to cut the truck free, a fire erupted. When plaintiff attempted to drive the truck to safety, several motorcycles fell from the truck and were destroyed.

Plaintiff filed a claim with Northbrook seeking coverage for the loss under his "Cargo-All Risk" policy. Upon Northbrook's denial of coverage, plaintiff commenced this declaratory judgment action against both Northbrook and Chapman alleging breach of contract and malpractice. Supreme Court (Rumsey, J.), concluding that the loss was outside of the provided coverage, granted Northbrook's motion for summary judgment. Supreme Court (O'Shea, J.) granted Chapman's motion for summary judgment by finding, *inter alia*, that plaintiff had "conclusive presumptive knowledge of the terms and limits of the policy." Plaintiff appeals only the grant of Chapman's motion for summary judgment.*

The sole issue is whether plaintiff demonstrated the existence of a triable issue of fact to support his contention that Chapman breached a professional duty of care. The factual disputes are centered on the two telephone conversations between plaintiff and Chapman. Plaintiff contends that at both times he fully informed Chapman of the nature of his business, including the warehouse operation, and was assured that the entire operation would be covered. Chapman denies that he was told of the extent of plaintiff's business and instead believed that the business merely consisted of transporting owned and nonowned personal recreational vehicles for which he procured appropriate insurance.

In an ordinary commercial setting, insurance agents have been found to have a " 'common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage' " (*M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 11, quoting *Murphy v Kuhn*, 90 NY2d 266, 270 [emphasis omitted]). Hence, "an insurance agent's duty to its customer is generally defined by the nature of the customer's request for coverage" (*M & E Mfg. Co. v Frank H. Reis, Inc.*, *supra*, at 11). Upon this record, we find that plaintiff has met

---

* Northbrook is not a party to this appeal.

his burden to demonstrate the existence of a viable question of fact pertaining to whether or not he had the right to rely upon Chapman's "presumed obedience to his * * * instructions" (*Mets Donuts v Dairyland Ins. Co.*, 166 AD2d 508, 509). As such reliance could, under the appropriate circumstances, supercede what the trial court deemed to be his "conclusive presumptive knowledge of the terms and limits of the policy," the motion for summary judgment was, in our view, prematurely granted (*cf., Metzger v Aetna Ins. Co.*, 227 NY 411, 415-416; *Ambrosino v Exchange Ins. Co.*, 265 AD2d 627, 627-628).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.