■ BUSKER ON THE ROOF LIMITED PARTNERSHIP Co., Appellant, v M.E. WARRINGTON et al., Defendants, and DEWITT STERN GROUP, INC., Respondent. [725 NYS2d 45] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered August 4, 2000, dismissing the complaint and bringing up for review an order, same court and Justice, entered June 29, 2000, which granted defendant-respondent's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in plaintiff's favor, unanimously affirmed, with costs. Appeal from the aforesaid June 29, 2000 order, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

This action is premised on allegations to the effect that plaintiff purchased an abandonment insurance policy through defendant insurance broker unaware that the purchased policy contained a 90-day waiting period for coverage and that the amount of coverage was for less than plaintiff had requested. Plaintiff admittedly did not read the policy prior to the loss for which recovery is now sought.

Plaintiff's causes of action for professional malpractice were properly dismissed. Plaintiff evidently waived its malpractice claims at trial and, in any event, it is clear that defendant insurance brokers and agents are not professionals and, thus, that claims against them do not sound in professional malpractice (*Chase Scientific Research v NIA Group*, 96 NY2d 20).

Also properly dismissed was plaintiff's claim for attorneys' fees. Such fees are not recoverable from an insurance broker where, as here, they would not been recoverable from the insurer had the policy been issued in accordance with plaintiff's specifications (*see, Chase Manhattan Bank v Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*, 258 AD2d 1, 4).

Plaintiff's causes for negligence and breach of contract were

properly dismissed as well. Plaintiff received the subject policy months before the accident at issue, and is conclusively presumed to have known, understood and assented to its terms (*see*, *Metzger v Aetna Ins. Co.*, 227 NY 411), and, accordingly, has no action against its insurance broker for having procured such coverage, even though the coverage was not entirely in accord with what plaintiff had requested. Moreover, under the circumstances, it was plaintiff's failure to obtain other more satisfactory coverage, and not any breach of duty by defendant that proximately caused plaintiff's damages.

Finally, the IAS court properly dismissed plaintiff's claims based on a special or fiduciary duty. While extraordinary circumstances might warrant imposition of liability upon an insurance broker for breach of such a duty (*see*, *Murphy v Kuhn*, 90 NY2d 266, 272-273), the facts at bar indicating merely that plaintiff had prior dealings with defendant, that defendant discouraged plaintiff from hiring an insurance advisor, and that defendant assured plaintiff that its services would meet plaintiff's insurance needs, are not so exceptional as to support imposition of a special or fiduciary duty (*see*, *id.*). Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.