■ MARK REILLY et al., Respondents, v PROGRESSIVE INSURANCE COMPANY, Defendant, and OLD COLONIAL ASSOCIATES, Appellant. [733 NYS2d 220] —In an action, *inter alia*, to recover damages for negligence and breach of contract, the defendant Old Colonial Associates appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered December 6, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs owned and restored a 1979 Porsche 911SC automobile which they believed to be worth approximately $40,000. The plaintiffs allegedly instructed their insurance agent, the appellant Old Colonial Associates, to obtain a $40,000 stated amount policy, that would pay that amount in the event the Porsche was stolen or destroyed. The appellant did procure a stated amount policy from the defendant Progressive Insurance Company (hereinafter Progressive). However, pursuant to its express terms, the policy insured the Porsche for the lesser amount of $40,000 or the actual cash value thereof. It is uncontroverted that the plaintiffs never had the Porsche appraised, and when it was stolen and burned, Progressive offered approximately $14,000 in full satisfaction of the plaintiffs' loss.

As a general rule, insurance agents and brokers have a common-law duty to obtain requested coverage for their clients within a reasonable time, or to inform the client of their inability to do so. A broker may be held liable for neglect in failing to procure the requested insurance. An insured must show that the broker failed to discharge the duties imposed by the

agreement to obtain insurance, either by proof that the broker breached the agreement or that it failed to exercise due care in the transaction (*see, Santaniello v Interboro Mut. Indem. Ins. Co.,* 267 AD2d 372; *Storybook Farms v Ruchman Assocs.,* 284 AD2d 450).

In this case, the appellant invokes the rule that, "[a]bsent a specific request for coverage not already provided in a client's policy, there is no common-law duty of an insurance company or its agency to advise a client to procure additional coverage" (*Chaim v Benedict,* 216 AD2d 347; *see, Hesse v Speece,* 278 AD2d 368). However, the appellant failed to demonstrate its prima facie entitlement to summary judgment, as the uncontroverted evidence in the record establishes that the plaintiffs did make an explicit request for specific coverage; they asked the appellant to procure a stated amount policy that would pay $40,000 for the loss of their Porsche. Whether the appellant breached its obligation to honor the plaintiffs' request (*see, Mets Donuts v Dairyland Ins. Co.,* 166 AD2d 508), or whether, *inter alia,* such a policy was available without an appraisal, are unresolved factual issues that preclude an award of summary judgment.

Contrary to the appellant's contentions, in a case such as this, where the insureds allegedly made an explicit request for a specific amount of coverage, the mere fact that the plaintiffs had ample time yet failed to read the policy to discern the actual liability limit of the lesser of the stated amount or actual cash value of the car, is not a superseding cause precluding liability as a matter of law (*cf., Busker on Roof Ltd. Partnership Co. v Warrington,* 283 AD2d 376; *Chase's Cigar Store v Stam Agency,* 281 AD2d 911; *Kyes v Northbrook Prop. & Cas. Ins. Co.,* 278 AD2d 736; *Nicholas J. Masterpol, Inc. v Travelers Ins. Cos.,* 273 AD2d 817).

The appellant's remaining contentions are without merit. Santucci, J. P., S. Miller, Luciano and Smith, JJ., concur.