■ Joseph W. McGarr, as Executor of Kathleen M. Mooney, Deceased, Appellant, v The Guardian Life Insurance Company of America et al., Respondents. [799 NYS2d 19]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 22, 2003, which granted defendant Guardian Life Insurance Company's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs. Order and judgment (one paper), same court and Justice, entered June 16, 2004, which granted the summary judgment motion of defendants James V. Downing and Collins & Associates, denied plaintiff's cross motion to strike those defendants' answer pursuant to CPLR 3126, declared in defendants' favor and otherwise dismissed the complaint as against defendant movants, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the cross motion insofar as to deny so much of the summary judgment motion as is made on Downing's behalf, and accordingly to vacate the dismissal and award of declaratory relief in Downing's favor, without prejudice, and otherwise affirmed, without costs.

In 1994, Richard C. Mooney purchased a Guardian life insurance policy through defendant Downing, who was then employed by defendant Collins & Associates. The policy lapsed for nonpayment of premiums. In September 1995, Mooney applied to reinstate the policy and to reduce the amount of coverage from $800,000 to $200,000.

Plaintiff's fact-based argument that defendants failed to notify the insured of the $800,000 policy's lapse in accordance with the requirements of Insurance Law § 3211 (a) (1) is improperly raised for the first time on appeal, and we decline to consider it (*see e.g. City of New York v Stack*, 178 AD2d 355 [1991], *lv denied* 80 NY2d 753 [1992]). Were we to reach this is-

sue, we would find that, since premiums were paid on a monthly basis, section 3211 (a) (1) does not apply (*see* Insurance Law § 3211 [f] [2]; *Elston v Allstate Life Ins. Co. of N.Y.*, 274 AD2d 938 [2000]).

Contrary to plaintiff's claim, there are no triable issues as to whether the $800,000 policy lapsed; hence, summary judgment was properly granted to Guardian and Collins on this issue (*see e.g. Brecher v Mutual Life Ins. Co. of N.Y.*, 120 AD2d 423 [1986]). Defendants were not estopped from asserting the policy's lapse; the policy clearly states that if premium payments are not made within a 31-day grace period, the policy will lapse (*see e.g. Great Neck Saw Mfrs. v Manhattan Life Ins. Co.*, 163 AD2d 273, 274-275 [1990], *lv denied* 76 NY2d 711 [1990]).

In his reinstatement application, Mooney stated that he had had no medical treatment within the past five years, when in fact he had had medical treatment within the preceding month. Because of this material misrepresentation, Guardian was not required to pay out on the $200,000 policy (*see e.g. Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214 [1976], *affd* 42 NY2d 928 [1977]).

Viewing the facts in the light most favorable to plaintiff, the $800,000 policy obtained by Downing was not what Mooney had requested—Mooney purportedly requested a $1 million policy with premiums lower than the ones he had been paying. Nevertheless, plaintiff's cause of action for negligence was properly dismissed (*see Busker on the Roof Ltd. Partnership v Warrington*, 283 AD2d 376 [2001]). The Guardian policy clearly sets forth the coverage amount and the annual premiums, and Mooney is presumed to have read and understood his policy (*id.* at 377). If the policy was not what he wanted, he should have exercised his right to cancel it within 10 days of receipt.

Plaintiff's cause of action for "detrimental reliance" was also properly dismissed, since there was no special relationship between Mooney and defendants (*see Murphy v Kuhn*, 90 NY2d 266 [1997]).

Mooney's widow commenced the instant action on August 27, 1997 and died three days later. In May 1998, plaintiff, the executor of the widow's estate, served document requests and a deposition notice on defendants. However, plaintiff took no further steps to prosecute this action until 2001. During that period, Downing left the life insurance industry. By the time plaintiff tried to depose Downing, he could not be located.

Plaintiff's cross motion to strike Downing and Collins' answer was properly denied as to Collins. Since Downing left Collins' employ years before November 2001, Collins should not be

penalized for Downing's failure to appear (*see e.g. Moriates v Powertest Petroleum Co.*, 114 AD2d 888, 890 [1985], *lv dismissed* 67 NY2d 603 [1986]), especially because Collins was not in default of any of its own disclosure obligations (*see Magee v City of New York*, 242 AD2d 239 [1997]).

While the penalty of striking Downing's answer may be too harsh (*see Heyward v Benyarko*, 82 AD2d 751 [1981]; *but see Montgomery v Colorado*, 179 AD2d 401, 402 [1992]), in light of Downing's failure to meet his obligation to remain in contact with his attorney an award of summary relief to him would at this juncture be inappropriate. Indeed, since defense counsel was unable to locate Downing, Downing could not have authorized counsel to make a summary judgment motion on his behalf. Under the circumstances, an appropriate sanction is to deny the summary judgment motion as to Downing (*see e.g. Crawford v Toyota Motor Corp.*, 283 AD2d 184 [2001]). However, the denial is without prejudice; if Downing reappears in the future, he may make a summary judgment motion at that point.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Mazzarelli, Ellerin and Gonzalez, JJ.