GEORGE STILIANUDAKIS, Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Defendant, and AVENIA INS. AGENCY, INC., Appellant. [889 NYS2d 854]—

"A claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). Here, the plaintiff failed to allege any misrepresentation on the part of the defendant Avenia Ins. Agency, Inc. (hereinafter the appellant), which procured an insurance policy on his behalf to cover his building (*see Wong v Gottbetter*, 18 AD3d 541 [2005]; *cf. Ambrosino v Exchange Ins. Co.*, 265 AD2d 627 [1999]), or the existence of a special relationship with the appellant upon which a cause of action alleging negligent misrepresentation could be predicated (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152 [2006]; *Murphy v Kuhn*, 90 NY2d 266 [1997]; *Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co.*, 61 AD3d 720, 722 [2009]; *Curiel v State Farm Fire & Cas. Co.*, 35 AD3d 343 [2006]; *Duratech Indus., Inc. v Continental Ins. Co.*, 21 AD3d 342, 345 [2005]).

Moreover, to the extent that the third cause of action asserted against the appellant can be construed as one alleging negligent procurement of a policy, it must nevertheless fail because, having received the policy more than two years prior to the fire, the plaintiff is conclusively presumed to have read and assented to its terms (*see Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 395 [2006]; *Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]; *Rotanelli v Madden*, 172 AD2d 815 [1991]).

The appellant's remaining contention is not properly before this Court. Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.