■ MAPLE HOUSE, INC., Appellant, v ALFRED F. CYPES & Co., INC., et al., Respondents. [914 NYS2d 912]—

In an action, inter alia, to recover damages for fraud, a violation of General Business Law § 349, and, in effect, negligent procurement of an insurance policy, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Nelson, J.), entered August 24, 2009, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered September 25, 2009, which, upon the order, is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To the extent that the fourth cause of action can be construed as one alleging negligent procurement of an insurance policy, it was properly dismissed because, under the circumstances here, the plaintiff was conclusively presumed to have read and assented to the policy's terms (*see Stilianudakis v Tower Ins. Co. of N.Y.*, 68 AD3d 973, 974 [2009]; *see also Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 394 [2006]; *Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]; *cf. Reilly v Progressive Ins. Co.*, 288 AD2d 365, 366 [2001]; *Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736, 737-738 [2000]; *Mets Donuts v Dairyland Ins. Co.*, 166 AD2d 508, 509 [1990]). Similarly, the third cause of action, alleging fraud, was properly dismissed, as the plaintiff could not have justifiably

relied on any alleged misrepresentation (*see generally Spitz v Klein,* 33 AD3d 988, 990 [2006]; *McGovern v Best Bldg. & Remodeling,* 245 AD2d 925, 927-928 [1997]).

The fifth cause of action, alleging a violation of General Business Law § 349, was properly dismissed because it was not predicated upon an act or practice that was misleading in a material way (*see generally Wilner v Allstate Ins. Co.,* 71 AD3d 155 [2010]; *Lonner v Simon Prop. Group, Inc.,* 57 AD3d 100 [2008]), or an act or practice that was "consumer oriented" (*Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330, 344 [1999]; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 24-25 [1995]; *Emergency Enclosures, Inc. v National Fire Adj. Co., Inc.,* 68 AD3d 1658 [2009]; *Continental Cas. Co. v Nationwide Indem. Co.,* 16 AD3d 353 [2005]; *Fulton v Allstate Ins. Co.,* 14 AD3d 380 [2005]; *Martin v Group Health,* 2 AD3d 414 [2003]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.