(February 22, 2011)

■ AMERICAN BUILDING SUPPLY CORP., Respondent, v PETROCELLI GROUP, INC., Appellant, et al., Defendant. [918 NYS2d 28]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 24, 2010, which denied defendant Petrocelli's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against Petrocelli. The Clerk is directed to enter judgment accordingly.

Plaintiff, who is in the business of selling and furnishing construction building materials to general contractors in the New York metropolitan area, commenced this action, alleging that the defendant broker was negligent and in breach of contract based on its failure to procure insurance coverage specifically requested by the plaintiff. To recover damages for negligence or breach of contract against a broker based on the broker's failure to procure a particular type of coverage, the plaintiff must demonstrate that he or she made a specific request to the broker for that coverage (*Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 157-158 [2006]).

Issues of fact may exist with respect to whether the information provided by plaintiff—a description of its business operations, a copy of the existing policy and its lease, and an appar-

ent specific request for general liability coverage for its employees—should have alerted defendant that the general liability policy obtained, which included a cross liability exclusion precluding coverage based on the injury of an employee, may not have provided the requested coverage (*see e.g. Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736 [2000]; *see also Herron v Grand Villa Resort, Inc.*, 2007 NY Slip Op 33208[U] [2007]).

However, the presumption that a policyholder read and understood a policy of insurance duly issued to him or her precludes recovery in this action (*see Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]; *McGarr v Guardian Life Ins. Co. of Am.*, 19 AD3d 254, 256 [2005]). Although the presumption may be overcome if there is wrongful conduct on the part of the broker, such as when the broker affirmatively misrepresents or fails to correct a misimpression regarding coverage (*see e.g. Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73 [2002]), there is no evidence of such an affirmative misrepresentation here. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 30611(U).]**