■ Tanchum Portnoy et al., Appellants, v Allstate Indemnity Company, Respondent, et al., Defendant. [921 NYS2d 98]—

The Supreme Court properly granted the motion of the defendant Allstate Indemnity Company (hereinafter Allstate) for summary judgment on the complaint insofar as asserted by the plaintiff Sutton Park Consulting Group, Inc., against it and, in effect, declaring that it was not obligated to defend and indemnify the plaintiff Sutton Park Consulting Group, Inc. (hereinafter Sutton Park), in the underlying action. Allstate established its entitlement to judgment as a matter of law on the cause of action seeking a defense and indemnification by submitting evidence showing that it is not obligated to provide

coverage to Sutton under the subject homeowners' insurance policy (hereinafter the policy), as Sutton Park was not a named insured under the policy. Sutton Park failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]).

With regard to the cause of action seeking reformation of the policy on the ground of mutual mistake, Sutton Park failed to refute the insurance agent's deposition testimony that Allstate does not insure residential properties owned by corporations and, consequently, could not have intended to provide coverage to Sutton Park (*see George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219-220 [1978]; *Migliore v Manzo*, 28 AD3d 620, 621 [2006]). Likewise, in the absence of legally sufficient allegations of fraud on the part of Allstate or its agent, Sutton Park's alternative theory of unilateral mistake could not survive the motion for summary judgment (*see Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 647 [1989]; *Williams v Eason*, 49 AD3d 866, 867 [2008]).

Although Sutton Park is correct that the Supreme Court mistakenly concluded that no cause of action sounding in negligence could lie against Allstate based on its agent's failure to procure a valid policy (*see Reilly v Progressive Ins. Co.*, 288 AD2d 365 [2001]; *see also Jual Constr. Ltd. v A.C. Edwards, Inc.*, 74 AD3d 1150 [2010]; *Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d 792, 793 [2007]), where, as here, Sutton Park received the subject policy years prior to the incident for which coverage was sought, and repeatedly renewed the policy as originally written, "the plaintiff is conclusively presumed to have read and assented to its terms" (*Stilianudakis v Tower Ins. Co. of N.Y.*, 68 AD3d 973, 974 [2009]; *see Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 395 [2006]; *Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]; *Rotanelli v Madden*, 172 AD2d 815 [1991]). Since, under these circumstances, Sutton Park cannot show justified reliance upon "the . . . presumed obedience [of the insurance agent] to his . . . instructions" (*Mets Donuts v Dairyland Ins. Co.*, 166 AD2d 508, 509 [1990]), any claim of negligence against the insurer must fail (*see Rotanelli v Madden*, 172 AD2d 815 [1991]).

Sutton Park's remaining contentions have been rendered academic in light of our determination.

Accordingly, the Supreme Court properly granted Allstate's motion for summary judgment on the complaint insofar as asserted by Sutton Park against it and, in effect, declaring that it

is not obligated to defend and indemnify Sutton Park in the underlying action.

Since this is, in part, a declaratory judgment action, we remit the matter for the entry of a judgment, inter alia, declaring that Allstate is not obligated to defend and indemnify Sutton Park in the underlying action (*Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.