[979 NE2d 1181, 955 NYS2d 854]

AMERICAN BUILDING SUPPLY CORP., Appellant, v PETROCELLI GROUP, INC., Respondent, et al., Defendant.

Argued October 10, 2012; decided November 19, 2012

## POINTS OF COUNSEL

*Zisholtz & Zisholtz, LLP*, Mineola (*Stuart S. Zisholtz* of counsel), for appellant. I. Petrocelli Group, Inc. should not be relieved from liability for its failure to procure the requested insurance coverage because of American Building Supply Corp.'s failure to read and understand the policy. (*Murphy v Kuhn*, 90 NY2d 266; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152; *Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 65 AD3d 865; *Cosmos, Queens Ltd. v Matthias Saechang Im Agency*, 74 AD3d 682; *Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73; *Rotanelli v Madden*, 172 AD2d 815, 79 NY2d 754; *Hersch v DeWitt Stern Group, Inc.*, 43 AD3d 644; *Israelson v Williams*, 166 App Div 25, 215 NY 684; *Bell v O'Leary*, 744 F2d 1370; *Butler v Scott*, 417 F2d 471.) II. Petrocelli Group, Inc. did not fulfill its common-law duty to American Building Supply Corp. to either procure the requested coverage within a reasonable amount of time or to notify American Building Supply Corp. of its inability to do so. (*Chase Scientific Research v NIA Group*, 96 NY2d 20; *Murphy v Kuhn*, 90 NY2d 266; *Brown v Poritzky*, 30 NY2d 289; *L.C.E.L. Collectibles v American Ins. Co.*, 228 AD2d 196; *AJ Contr. Co. v Trident Mgrs.*, 234 AD2d 195; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 281 AD2d 574; *Tucci v Hartford Cas. Ins. Co.*, 167 AD2d 387; *Republic Long Is., Inc. v Andrew J. Vanacore, Inc.*, 29 AD3d 665; *Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 65 AD3d 865; *Cosmos, Queens Ltd. v Matthias Saechang Im Agency*, 74 AD3d 682.) III. Both the Appellate Division and the trial court correctly found that issues of fact existed with respect to the insurance coverage that American Building Supply Corp. instructed Petrocelli Group, Inc. to

obtain. (*Reilly v Progressive Ins. Co.*, 288 AD2d 365; *Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736; *AJ Contr. Co. v Trident Mgrs.*, 234 AD2d 195; *Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d 792; *Mickey's Rides-N-More, Inc. v Anthony Viscuso Brokerage, Inc.*, 17 AD3d 328; *Structural Bldg. Prods. Corp. v Business Ins. Agency*, 281 AD2d 617; *Wied v New York Cent. Mut. Fire Ins. Co.*, 208 AD2d 1132; *Barco Auto Leasing Corp. v Montano*, 215 AD2d 617.) IV. Summary judgment should not have been granted. (*De Cristofaro v Joann Enters.*, 250 AD2d 990; *Johnson v Goldberger*, 286 AD2d 604.)

*Keidel, Weldon & Cunningham, LLP*, White Plains (*Stephen C. Cunningham* and *Debra M. Krebs* of counsel), for respondent. I. The evidence demonstrates that Petrocelli Group, Inc. procured the requested coverage. (*Murphy v Kuhn*, 90 NY2d 266; *M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9; *Block v Magee*, 146 AD2d 730; *Matter of Wang*, 5 AD3d 788; *Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co.*, 125 AD2d 295; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152.) II. Plaintiff's claims are barred by plaintiff's receipt of the subject insurance policy without complaint. (*Maple House, Inc. v Alfred F. Cypes & Co., Inc.*, 80 AD3d 672; *Motor Parkway Enters., Inc. v Loyd Keith Friedlander Partners, Ltd.*, 89 AD3d 1069; *Portnoy v Allstate Indem. Co.*, 82 AD3d 1196; *Stilianudakis v Tower Ins. Co. of N.Y.*, 68 AD3d 973; *Catskill Mtn. Mech., LLC v Marshall & Sterling Upstate, Inc.*, 51 AD3d 1182; *Gui's Lbr. & Home Ctr., Inc. v Pennsylvania Lumbermens Mut. Ins. Co.*, 55 AD3d 1389; *Stone v Rullo Agency, Inc.*, 40 AD3d 1185; *Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 19 AD3d 1056, 7 NY3d 152; *McGarr v Guardian Life Ins. Co. of Am.*, 19 AD3d 254.)

*McGaw, Alventosa & Zajac*, Jericho (*Andrew Zajac* and *Dawn C. DeSimone* of counsel), *James M. Begley*, New York City, *Rona L. Platt*, Uniondale, *Brendan T. Fitzpatrick*, Albertson, *David B. Hamm*, New York City, and *Joseph Miller* for Defense Association of New York, Inc., amicus curiae. I. In the absence of fraud or other wrongful conduct, an insured's failure to read the policy it receives is a complete bar to any claim for negligent procurement against its insurance producer. (*Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820; *Matter of Level Export Corp. [Wolz, Aiken & Co.]*, 305 NY 82; *Florence v Merchants Cent. Alarm Co.*, 51 NY2d 793; *Pimpinello v Swift & Co.*, 253 NY 159; *Metzger v Aetna Ins. Co.*, 227 NY 411; *Motor Parkway*

*Enters., Inc. v Loyd Keith Friedlander Partners, Ltd.*, 89 AD3d 1069; *Portnoy v Allstate Indem. Co.*, 82 AD3d 1196; *Maple House, Inc. v Alfred F. Cypes & Co., Inc.*, 80 AD3d 672; *Stone v Rullo Agency, Inc.*, 40 AD3d 1185; *Madhvani v Sheehan*, 234 AD2d 652.) II. Insurance brokers are generally not fiduciaries and can only be held liable under the common law. The facts of this case do not warrant a finding of a special relationship, whereby the broker would be exposed to liability for breach of contract. (*International Prods. Co. v Erie R.R. Co.*, 244 NY 331; *Heard v City of New York*, 82 NY2d 66; *Kimmell v Schaefer*, 89 NY2d 257; *Murphy v Kuhn*, 90 NY2d 266; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152.) III. As a matter of law, American Building Supply Corp. failed to specifically request the coverage found lacking here. Creating a duty to advise of the need to change coverage based on the vague and ambiguous testimony here would expand brokers' liability beyond reasonable limits. (*Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152; *Murphy v Kuhn*, 90 NY2d 266; *Frost v Mayville Tremaine*, 299 AD2d 839; *Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392; *MDW Enters. v CNA Ins. Co.*, 4 AD3d 338; *M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9; *Chase's Cigar Store v Stam Agency*, 281 AD2d 911; *Obomsawin v Bailey, Haskell & LaLonde Agency, Inc.*, 85 AD3d 1566; *Empire Indus. Corp. v Insurance Cos. of N. Am.*, 226 AD2d 580; *Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788.)

### OPINION OF THE COURT

CIPARICK, J.

In this appeal, we are asked to determine if an action for negligence and breach of contract lies against an insurance broker for failure to procure adequate insurance coverage where the insured received the policy without complaint. We hold, where issues of fact exist as to a request for specific coverage, that the insured can maintain such an action and defendant's motion for summary judgment should be denied.

I

Plaintiff American Building Supply Corp. (ABS) is a business which sells and furnishes building materials to general contractors. Plaintiff is located both in Manhattan and the Bronx. This action only concerns the premises located in the Bronx, where plaintiff is the sole tenant of a building it subleased from DRK, LLC (DRK), which had procured the property by entering into a lease agreement with the New York City Industrial Development

Agency (NYCIDA). Pursuant to the lease agreement between DRK and NYCIDA, DRK was, among other things, required to procure general liability insurance from a carrier licensed to do business in the State of New York in the minimum amount of $5,000,000 for bodily injury and property damage. The sublease agreement between ABS and DRK, both owned and managed by the same person, noted that the sublessee consented to all the terms of the lease agreement.

Prior to October 2004, Pollack Associates, not a party to this appeal, was plaintiff's insurance broker and procured a policy with the Burlington Insurance Company (Burlington), an excess line carrier not licensed in the State of New York. DRK was named an additional insured under the policy. The policy did not comply with the requirements set forth by the lease agreements and was subsequently cancelled due to nonpayment of premiums. In October 2004, plaintiff hired defendant Petrocelli Group, Inc. to replace Pollack as its insurance broker. Defendant arranged to reinstate the Burlington policy. Plaintiff claims that in its discussions with defendant regarding a new policy, it specifically requested general liability coverage for its employees in case of injury, as required by the lease agreements. Plaintiff also alleged that it informed defendant that only employees entered the premises, never customers, as no retail business was conducted at the Bronx location. Finally, plaintiff avers that defendant visited the premises and had assured NYCIDA that the insurance deficiencies would be corrected when the policy was up for renewal.

Defendant then renewed the Burlington policy for the period of June 14, 2005 through June 14, 2006. The policy was essentially the same as plaintiff had previously received through Pollack. The policy contained a cross liability exclusion clause that provided: "This insurance does not apply to any actual or alleged 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' to . . . A present, former, future or prospective partner, officer, director, stockholder or employee of any insured." Plaintiff did not read the insurance policy upon receipt, nor did the broker.

In October 2005, one of plaintiff's employees was injured at the Bronx facility in the course of performing his duties. Burlington disclaimed coverage based upon the cross-liability exclusion. DRK sought a declaratory judgment against Burlington seeking a determination that Burlington was obligated to defend and indemnify plaintiff. Burlington moved for summary judgment.

Supreme Court denied the motion and ordered Burlington to defend and indemnify plaintiff. The Appellate Division reversed, holding that Burlington had no duty to defend or indemnify based on the cross liability exclusion clause (*see DRK, LLC v Burlington Ins. Co.*, 74 AD3d 693 [1st Dept 2010], *lv denied* 16 NY3d 702 [2011]).

Plaintiff next commenced this action against its broker for negligence and breach of contract in connection with defendant's procurement of insufficient insurance. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, holding that "an issue of fact exists which precludes summary judgment" (2010 NY Slip Op 30611[U], *6 [2010]). Specifically, the court found that plaintiff testified that it informed defendant it required coverage if any employee injured himself or herself and that a jury could rationally conclude that plaintiff made a specific request for such coverage to defendant. The Appellate Division reversed, holding that although issues of fact may exist as to plaintiff's request for specific coverage, plaintiff's failure to "read and under[stand the] policy . . . precludes recovery in this action" (*American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 81 AD3d 531, 531-532 [1st Dept 2011]). We granted leave to appeal (17 NY3d 711 [2011]) and now reverse.

## II

"[I]nsurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (*Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). To set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 155 [2006]). "A general request for coverage will not satisfy the requirement of a specific request for a certain type of coverage" (*id.* at 158).

Here, plaintiff testified, at its deposition, that it specifically requested "general liability for the employees . . . if anybody was to trip and fall or get injured in any way." Plaintiff also testified that defendant was aware of ABS's operations, i.e., that there were no retail sales to the public at the premises and that the only persons at the premises were plaintiff's employees.

Defendant, of course, maintains that the procured coverage satisfied plaintiff's request. Like the courts below, we conclude that issues of fact exist as to whether plaintiff specifically requested coverage for its employees in case of accidental injury and defendant, being aware of such request, failed to procure the requested coverage.

This would be a more difficult case if it rested on plaintiff's uncorroborated word alone. Here, however, the evidence arguably supports plaintiff's claim. Since no one but employees ever entered the premises, the coverage defendant obtained, which excluded coverage for injuries to employees, hardly made sense.

## III

Defendant maintains, however, that plaintiff's claim is barred by its receipt of the insurance policy without complaint. In *Hoffend* we left open the question of whether a plaintiff who has received an insurance policy and had an opportunity to read it and had not requested any changes is barred from recovery (*see* 7 NY3d at 157). Various appellate courts have held that once an insured has received his or her policy, he or she is presumed to have read and understood it and cannot rely on the broker's word that the policy covers what is requested (*see Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 376-377 [1st Dept 2001]; *Rotanelli v Madden*, 172 AD2d 815, 817 [2d Dept 1991], *lv denied* 79 NY2d 754 [1992]; *Madhvani v Sheehan*, 234 AD2d 652, 654-655 [3d Dept 1996]; *Chase's Cigar Store v Stam Agency*, 281 AD2d 911, 912 [4th Dept 2001]). However, other appellate courts have been more forgiving and have held that receipt and presumed reading of the policy does not bar an action for negligence against the broker (*see Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736, 737-738 [3d Dept 2000]; *Reilly v Progressive Ins. Co.*, 288 AD2d 365, 366 [2d Dept 2001]). This may be such a case.

The facts as alleged here, that plaintiff requested specific coverage and upon receipt of the policy did not read it and lodged no complaint, should not bar plaintiff from pursuing this action. While it is certainly the better practice for an insured to read its policy, an insured should have a right to "look to the expertise of its broker with respect to insurance matters" (*Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 82 [1st Dept 2002]; *see also Bell v O'Leary*, 744 F2d 1370, 1373 [8th Cir 1984]). The failure to read the policy, at most, may give rise to a defense of comparative negligence but should not bar, altogether,

an action against a broker (*see Baseball Off. of Commr.*, 295 AD2d at 82).

Because there are issues of fact as to whether plaintiff requested specific coverage for its employees and whether defendant failed to secure a policy as requested, we conclude that summary judgment is inappropriate in this matter. We further conclude that plaintiff's failure to read and understand the policy should not be an absolute bar to recovery under the circumstances of this case.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion by defendant Petrocelli Group, Inc. for summary judgment denied.

PIGOTT, J. (dissenting). It seems to me elementary that before you can complain about the contents of any contract, you should at least have read it. Nearly 100 years ago we held that when an insured receives an insurance contract, he or she has a duty to read and examine its contents (*see Metzger v Aetna Ins. Co.*, 227 NY 411, 416 [1920]). There, we held that the insured is "conclusively presumed" to know the contents of the insurance contract and assent to it, when he or she signs or accepts the contract (*id.*).

While it is true that, until now, this Court had yet to decide whether the presumption applies to protect an insurance broker that has allegedly failed to obtain requested coverage, several appellate courts have considered the issue and appropriately applied the presumption (*see McGarr v Guardian Life Ins. Co. of Am.*, 19 AD3d 254, 256 [1st Dept 2005]; *Laconte v Bashwinger Ins. Agency*, 305 AD2d 845 [3d Dept 2003]; *Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376 [1st Dept 2001]).

The majority offers no compelling reason why this basic requirement, i.e. that you read the thing, should not obtain in cases involving an insurance broker. Although an insured may claim to have relied upon the broker's experience and knowledge in certain circumstances, we have made clear that insureds are in a better position to know both their own assets and ability to protect themselves than agents or brokers (*Murphy v Kuhn*, 90 NY2d 266, 273 [1997]). Agents and brokers are not "personal financial counselors and risk managers, approaching guarantor status" (*id.*). The relationship between a broker and an insured is not one in which continuing obligations to advise might exist but, rather, is an ordinary commercial relationship that does not give rise to a duty to provide such ongoing guidance

(*see id.* at 270-271; *see also Kimmell v Schaefer*, 89 NY2d 257, 263-264 [1996]).

There are, of course, limitations on the presumption rule. For example, the presumption is overcome when a broker fails to correct a clear misimpression created by a binder (*see Arthur Glick Truck Sales v Spadaccia-Ryan-Haas, Inc.*, 290 AD2d 780 [2002]), or when a broker makes an affirmative misrepresentation regarding coverage in response to questioning by the client after reviewing the policy (*Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736 [2000]). Those limitations are not alleged here.

By permitting ABS to evade the conclusive presumption rule, the majority in essence allows an insured, months and possibly years after a policy is procured, to complain, following a loss, that it made a request of its broker for the relevant coverage but it was not forthcoming. This will almost always result in a "he said-she said" battle of what occurred during coverage discussions between the insured and broker.

In short, I agree with the Appellate Division that Petrocelli demonstrated its prima facie entitlement to judgment as a matter of law. It submitted the renewal policy to ABS and ABS concedes that it received it. Thus, ABS was conclusively presumed to know the contents, including the exclusions, of the policy. In opposition, ABS failed to raise a triable issue of fact. Had ABS read the policy, and claimed not to have understood the cross-liability exclusion and that Petrocelli misled it with respect to the meaning thereof, a clear question of fact would have been presented. However, ABS does not dispute receipt of the policy and admitted that it did not review it; and, as the Appellate Division noted, the record failed to demonstrate any exception to the presumption that ABS assented to the policy terms.

Chief Judge LIPPMAN and Judges READ and SMITH concur with Judge CIPARICK; Judge PIGOTT dissents and votes to affirm in a separate opinion in which Judge GRAFFEO concurs.

*Order reversed, etc.*