In an action, inter alia, to recover damages for negligence, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered March 7, 2012, as, upon reargument, in effect, vacated the determination in an order entered October 6, 2011, denying those branches of the prior motion of the defendant James E. Fox Agency, Inc., which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging negligent misrepresentation and negligence insofar as asserted against it, and thereupon granted those branches of the motion.
Ordered that the order entered March 7, 2012, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants Allstate Indemnity Company (hereinafter Allstate) and James E. Fox Agency, Inc. (hereinafter the Agency), an Allstate agent, after Allstate disclaimed coverage for property damage resulting from a fire at property owned by the plaintiff. In an order entered March 7, 2012, the Supreme Court, upon reargument, in effect, vacated its determination in a prior order entered October 6, 2011, denying those branches of the Agency’s prior motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging negligent misrepresentation and negligence insofar as asserted against it, and thereupon granted those branches of the motion.
“ ‘A claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privitylike relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information’ ” (Stilianudakis v Tower Ins. Co. of N.Y., 68 AD3d 973, 974 [2009], quoting J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]). Here, the plaintiff failed to allege any misrepresentation on the part of the Agency, which procured the insurance policy on her behalf to cover the subject property (see Stilianudakis v Tower Ins. Co. of N.Y., 68 AD3d at 974), or the existence of a special relationship with the Agency upon which a cause of action alleging negligent misrepresentation against that defendant could be predicated (see Mosbacher v JP Morgan Chase Bank, N.A., 109 AD3d 525 [2013]; Baer v Complete Off. Supply Warehouse Corp., 89 AD3d 877, 878 [2011]; Stilianudakis v Tower Ins. Co. of N.Y., 68 AD3d at 974).
*612 The plaintiffs remaining contention is without merit.
Accordingly, the Supreme Court, upon reargument, properly granted those branches of the Agency’s motion which were to dismiss the causes of action alleging negligent misrepresentation and negligence insofar as asserted against it for failure to state a cause of action. Angiolillo, J.E, Chambers, Roman and Hinds-Radix, JJ, concur.