Gibraltar Contr., Inc. v P.F. Northeast Brokerage, Inc. (2020 NY Slip Op 07273)





Gibraltar Contr., Inc. v P.F. Northeast Brokerage, Inc.


2020 NY Slip Op 07273


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 25127/18 Appeal No. 12521 Case No. 2020-03012 

[*1]Gibraltar Contracting, Inc., Plaintiff-Respondent,
v
P.F. Northeast Brokerage, Inc., Doing Business as PF Northeast Brokerage, Inc., Defendant-Appellant.


Sullivan & Klein, LLP, New York (Frederick M. Klein of counsel), for appellant.
Law Office of John J. Janiec, New York (John J. Janiec of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 10, 2020, which denied defendant insurance broker's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
To set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy (American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [2012]). Issues of fact are presented by the parties' conflicting testimony as to their [*2]expectations with respect to obtaining insurance coverage, the contents of the parties' October 14, 2015 recorded telephone conversation, in which plaintiff sought clarity that the heights limitation constituted a limitation on exterior work, and the exclusion contained in the insurance proposal, which was not the full exclusion. The policies, which did contain the full exclusion precluding the use of any scaffold, were not forwarded to plaintiff until four months after renewal. While the failure to read the policy may provide a basis for comparative negligence (id. at 737), the facts of this case preclude summary judgment.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020