Crosby v AJA Turnpike Props. (2024 NY Slip Op 00861)

Crosby v AJA Turnpike Props.

2024 NY Slip Op 00861

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 158705/17 Appeal No. 1684-1685 Case No. 2023-01071, 2023-03616 

[*1]Brian Crosby, Plaintiff,
v
AJA Turnpike Properties, et al., Defendants.
Cinos East Meadow, LLC, et al., Third-Party Plaintiffs,
v
JMJ Residential Construction, Inc., Doing Business as JMJ Builders, Third-Party Defendant-Respondent.
JMJ Residential Construction, Inc., Doing Business as JMJ Builders, Second Third-Party Plaintiff-Respondent,
v
Maria Primiani et al., Second Third-Party Defendants-Appellants, Berkshire Hathaway Guard Insurance Companies, et al., Second Third-Party Defendants.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellant.
Stempel Catterson LoFrumento Carlson Biondo, LLP, Garden City (Jeffrey L. Catterson of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about January 3, 2023 which, to the extent appealed from, denied the motion of second third-party defendants Joseph J. DiMonda Agency, LLC and Maria Primiani (collectively, DiMonda) for summary judgment dismissing the second third-party complaint as against them, and granted third-party defendant/second third-party plaintiff JMJ Residential Construction, Inc.'s cross-motion for summary judgment declaring that DiMonda must defend, indemnify, and hold JMJ harmless for all claims asserted in the combined actions, unanimously modified, on the law, to deny JMJ's cross-motion, and otherwise affirmed, without costs. Order and judgment (one paper), same court and Justice, entered on or about July 12, 2023, awarding attorneys' fees, costs, and disbursements to JMJ in the amount of $56,112.84 plus statutory interest, unanimously modified, on the law, to vacate the award of attorneys' fees without prejudice to renewal upon further proceedings, and otherwise affirmed, without costs.
JMJ entered into a subcontract with defendants/third-party plaintiffs Cinos East Meadow, LLC and Conboy & Mannion Contracting, Inc. to perform work on the construction of a fast-food restaurant. The subcontract required JMJ to obtain insurance to defend and indemnify Cinos and Conboy against any claims arising from JMJ's performance of its duties under the subcontract. Based on the subcontract's coverage requirements, JMJ contacted DiMonda, an insurance agency, to secure appropriate coverage, giving a copy of the subcontract directly to DiMonda and its agents. DiMonda then obtained a commercial general liability (CGL) policy for JMJ from second third-party defendant Colony Insurance Company. Plaintiff in the underlying action was later injured at the job site and commenced an action against Cinos and Conboy, who in turn brought a third-party action seeking indemnification from JMJ. Citing employee liability-based exclusions in the CGL policy, Colony denied coverage to JMJ for plaintiff's claim. JMJ then commenced a second third-party action against DiMonda, asserting causes of action for failure to obtain the proper insurance coverage, negligence, breach of the duty of care, and breach of fiduciary duty.
DiMonda failed to establish prima facie entitlement to summary judgment dismissing the second third-party complaint as against them, as the record presents conflicting testimony from the parties as to their expectations with respect to obtaining the appropriate insurance coverage (see Gibraltar Contr., Inc. v P.F. Northeast Brokerage, Inc., 189 AD3d 432, 433 [1st Dept 2020]). Thus, issues of fact exist regarding whether DiMonda failed to procure coverage that JMJ specifically requested (see American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [2012]; West 70th Owners Corp. v Hiram Cohen & Son, Inc., 166 AD3d 507, 507 [1st Dept 2018]), or whether, in fact, JMJ made only a general request [*2]for coverage (see Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 158 [2006]). DiMonda's contentions that JMJ failed to timely read and understand the policy go to comparative negligence, but do not bar the action altogether (American Bldg. Supply, 19 NY3d at 736-737).
However, the conflicting testimony regarding JMJ's request for insurance coverage also precludes summary judgment in JMJ's favor on its cross-motion for a declaration (see Gibraltar Contr., 189 AD3d at 432; American Bldg. Supply, 19 NY3d at 736). Further, JMJ failed to establish that a special relationship existed between it and the DiMonda agency, as there was no dispute that this was the first time JMJ had any dealings with DiMonda (see Chai-Chen v Metropolitan Life Ins. Co., 190 AD3d 635, 636 [1st Dept 2021]).
In light of our determination regarding JMJ's cross-motion, the application for attorney's fees and costs should be denied without prejudice to renewal upon further proceedings. We note that contrary to DiMonda's contention otherwise, a hearing is not required to determine attorneys' fees and costs as long as the court has "sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (JK Two LLC v Garber, 171 AD3d 496, 496-497 [1st Dept 2019] [internal quotation marks and omitted]).
We have considered DiMonda's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024